TILESTON *v.* ULLMAN, STATE'S ATTORNEY, ET AL.

No. 420. Argued January 13, 14, 1943.—Decided February 1, 1943.

*Messrs. Morris L. Ernst* and *Edwin Borchard* for appellant.

*Messrs. Abraham S. Ullman* and *William L. Beers,* with whom *Messrs. Arthur T. Gorman* and *Philip R. Pastore* were on the brief, for appellees.

Briefs of *amici curiae* were filed by *Mr. Charles E. Scribner* on behalf of Dr. Marye Y. Dabney et al., and by *Messrs. Lawrence L. Lewis* and *J. Warren Upson* on behalf of Dr. A. Nowell Creadick et al.,—in support of the appellant.

PER CURIAM.

This case comes here on appeal to review a declaratory judgment of the Supreme Court of Errors of Connecticut that §§ 6246 and 6562 of the General Statutes of Connecticut of 1930—prohibiting the use of drugs or instruments to prevent conception, and the giving of assistance or counsel in their use—are applicable to appellant, a registered physician, and as applied to him are constitutional. 129 Conn. 84, 26 A. 2d 582, 588.

The suit was tried and judgment rendered on the allegations of the complaint which are stipulated to be true. Appellant alleged that the statute, if applicable to him, would prevent his giving professional advice concerning the use of contraceptives to three patients whose condition of health was such that their lives would be endangered by child-bearing, and that appellees, law enforcement officers of the state, intend to prosecute any offense against the statute and "claim or may claim" that the proposed professional advice would constitute such an offense. The complaint set out in detail the danger to the lives of appellant's patients in the event that they should bear children, but contained no allegations asserting any claim under the Fourteenth Amendment of infringement of appellant's liberty or his property rights. The relief prayed was a declaratory judgment as to whether the statutes are applicable to appellant and if so whether they constitute a valid exercise of constitutional power "within the meaning and intent of Amendment XIV of the Constitution of the United States prohibiting a state from depriving any person of life without due process of law." On stipulation of the parties the state superior court ordered these questions of law reserved for the consideration and advice of the Supreme Court of Errors. That court, which assumed without deciding that the case was an appropriate one for a declaratory judgment, ruled that the statutes

"prohibit the action proposed to be done" by appellant and "are constitutional."

We are of the opinion that the proceedings in the state courts present no constitutional question which appellant has standing to assert. The sole constitutional attack upon the statutes under the Fourteenth Amendment is confined to their deprivation of life—obviously not appellant's but his patients'. There is no allegation or proof that appellant's life is in danger. His patients are not parties to this proceeding and there is no basis on which we can say that he has standing to secure an adjudication of his patients' constitutional right to life, which they do not assert in their own behalf. *Cronin* v. *Adams,* 192 U. S. 108, 114; *Standard Stock Food Co.* v. *Wright,* 225 U. S. 540, 550; *Bosley* v. *McLaughlin,* 236 U. S. 385, 395; *Blair* v. *United States,* 250 U. S. 273; *The Winnebago,* 205 U. S. 354, 360; *Davis & Farnum Mfg. Co.* v. *Los Angeles,* 189 U. S. 207, 220. No question is raised in the record with respect to the deprivation of appellant's liberty or property in contravention of the Fourteenth Amendment, nor is there anything in the opinion or judgment of the Supreme Court of Errors which indicates or would support a decision of any question other than those raised in the superior court and reserved by it for decision of the Supreme Court of Errors. That court's practice is to decline to answer questions not reserved. General Statutes § 5652; *Loomis Institute* v. *Healy,* 98 Conn. 102, 129, 119 A. 31; *John J. McCarthy Co.* v. *Alsop,* 122 Conn. 288, 298–99, 189 A. 464.

Since the appeal must be dismissed on the ground that appellant has no standing to litigate the constitutional question which the record presents, it is unnecessary to consider whether the record shows the existence of a genuine case or controversy essential to the exercise of the jurisdiction of this Court. Cf. *Nashville, C. & St. L. Ry. Co.* v. *Wallace,* 288 U. S. 249, 259.

*Dismissed.*