**OKLAHOMA CITY, OKLAHOMA, a municipal corporation, et al., Appellants,**

v.

**Harry V. DULICK, J. E. Kutscher, and S. J. Sabinske, Appellees.**

**No. 7176.**

United States Court of Appeals
Tenth Circuit.
June 13, 1963.

Roy H. Semtner, Oklahoma City, Okl., and James L. Burton, Tulsa, Okl. (Charles C. Green and Solon W. Smith, and Smith, Leaming & Swan, Oklahoma City, Okl., of counsel, on the briefs), for appellants.

. Fred E. Suits and Mary L. Weiss, Oklahoma City, Okl., for appellees.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

Alleging violations of the due process provisions of the Fourteenth Amendment and the Oklahoma constitution, the appellees, as property owners and taxpayers in Oklahoma City, brought this declaratory judgment action attacking the validity of certain Oklahoma statutes relating to sanitary sewer districts.[1] Among other things the statutes provide for the creation of these districts by municipal ordinance. On February 28, 1961, the Council of Oklahoma City passed, and the Mayor signed, Ordinance No. 9263 establishing a sanitary sewer district which included lands of the appellees. This ordinance was repealed by Ordinance No. 9884 enacted on September 4,

1. 11 Okl.St.Ann. §§ 274, 277, and 278.

1962. By amendment to their answer and by motion to dismiss, the appellants, as city officials, asserted that the case became moot upon the repeal of Ordinance No. 9263. The trial court declined to dismiss and gave summary judgment for the appellees, holding that due process was denied and declaring 11 Okl. St.Ann. § 277 unconstitutional. In this court the city officials forego reliance on mootness and all parties request an adjudication on the merits.

A federal court can declare a state statute void for unconstitutionality only when "it is called upon to adjudge the legal rights of litigants in actual controversies."[2] Federal courts have no power to give advisory opinions[3] or to adjudicate constitutional questions in the absence of "concrete legal issues, presented in actual cases, not abstractions."[4] These principles apply to actions for declaratory judgments.[5]

The repeal of Ordinance No. 9263 eliminated any justiciable controversy from this case. At that time the interest of the appellees-plaintiffs in the constitutionality of the questioned Oklahoma statutes became hypothetical. One who is not affected by a statute may not question its constitutionality.[6] The possibility of the enactment of another similar ordinance does not change the situation because the record contains nothing to show that such action is threatened or even contemplated.[7] The case is moot and, in accordance with the approved practice,[8] the judgment is reversed and the case remanded with directions to vacate the judgment and dismiss the action.

2. Liverpool, New York and Philadelphia Steamship Company v. Commissioners of Emigration, 113 U.S. 33, 39, 5 S.Ct. 352, 355, 28 L.Ed. 899; quoted in Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663.

3. Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 461, 65 S.Ct. 1384, 89 L.Ed. 1725.

4. United Public Workers of America (C. I. O.) v. Mitchell, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754.

5. Electric Bond & Share Co. v. Securities and Exchange Comm'n, 303 U.S. 419, 443, 58 S.Ct. 678, 82 L.Ed. 936.

6. Barrows v. Jackson, 346 U.S. 249, 255, 73 S.Ct. 1031, 97 L.Ed. 1586; Tileston v. Ullman, State's Attorney, 318 U.S. 44, 46, 63 S.Ct. 493, 87 L.Ed. 603.

7. Cf. Local No. 8–6, Oil, Chemical and Atomic Workers International Union, AFL–CIO, v. Missouri, 361 U.S. 363, 368–369, 80 S.Ct. 391, 4 L.Ed.2d 373, and Henriques v. Gulf Oil Corporation, 10 Cir., 305 F.2d 51, 53.

8. See United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36.