**NATIONAL WELFARE RIGHTS OR-GANIZATION et al., Plaintiffs,**

**v.**

**George K. WYMAN, individually and in his capacity as Commissioner of Social Services for the State of New York, and the Department of Social Services for the State of New York, Defendants.**

**No. 69 Civ. 355.**

United States District Court
E. D. New York.

April 23, 1969.

Lefkowitz, Atty. Gen., of the State of New York, for defendants, Philip Weinberg, Amy Juviler, New York City, of counsel.

J. Lee Rankin, Corp. Counsel of City of New York, New York City, amicus curiae, Robert E. Hugh, Phyllis Roberts, New York City, of counsel.

Morris H. Schneider, County Atty. of Nassau County, Mineola, N. Y., amicus curiae, A. Thomas Levin, Mineola, N. Y., of counsel.

Vincent T. McCarthy, U. S. Atty., for Eastern District of New York, Brooklyn, N. Y., amicus curiae, for Department of Health, Education and Welfare, Harold Stevens, New York City, of counsel.

Federation of Jewish Philanthropies of New York, New York City, amicus curiae, Philip Sokol, New York City, of counsel.

Catholic Charities of the Archdiocese of New York, New York City, and Catholic Charities of the Diocese of Brooklyn, amici curiae, Dorothy J. Coyle, New York City, of counsel.

Federation of Protestant Welfare Agencies, New York City, Louis Agin, amicus curiae, New York City, of counsel.

Lee A. Albert, Henry A. Freedman, Sylvia Ann Law, Nancy Duff Levy, Robert P. Borsody, New York City, Center on Social Welfare Policy and Law.

Carl Rachlin, James Spitzer, David Draschler, General Counsel, New York City, National Welfare Rights Organization, Scholarship, Education and Defense Fund, Inc.

David Gilman, Gen. Counsel, New York City, City-Wide Coordinating Committee of Welfare Groups, MFY Legal Services Inc.

Cesar Perales, Brooklyn, N. Y., Williamsburg Legal Services, for Julia Rosado.

Virginia Schuler, Brooklyn, N. Y., Brownsville Legal Services, for Cathryn Folk and Eula Mae King.

Edward V. Sparer, Yale Law School, New Haven, Conn., Harold J. Rothwax, David A. Diamond, Marianne J. Rosenfield, Eric Hirschhorn, New York City, MFY Legal Services Inc., Mort P. Cohen, Brooklyn, N. Y., South Brooklyn Legal Services, for Lydia Hernandez.

Morton Friedman, St. Albans, N. Y., for Annie Lou Phillips and Majorie Duffy.

Martin Garbus, New York City, Roger Baldwin Foundation of American Civil Liberties Union, Ronald Bevil, Bruce Ferguson, Jonathan Marsh, of counsel.

Burt Neuborne, New York City, New York Civil Liberties Union. Louis J.

## MEMORANDUM ON STANDING AND NECESSARY PARTY

WEINSTEIN, District Judge.

This is a class action brought by ten recipients of welfare payments under the Aid to Families With Dependent Children Program (AFDC) and two organizations whose stated purpose is to promote the interests of persons on relief —the National Welfare Rights Organization and the Citywide Coordinating Committee of Welfare Organizations—to declare invalid and enjoin the implementation of the recently enacted amendment to New York's Social Services Law which allegedly cuts substantially the level of welfare payments throughout the state as of July 1, 1969. N.Y. Social Services Law, McKinney's Consol.Laws, c. 55, §

131–a added by Laws Ch. 184, March 31, 1969.

Defendants have moved to dismiss as to the two organizational plaintiffs for lack of standing and to join the Department of Health, Education and Welfare (H.E.W.) as a party defendant. For the reasons stated below, defendants' standing motion is granted and their joinder motion is denied.

## I. STANDING OF ORGANIZATIONS

 The general rule is that parties may "rely only on constitutional rights which are personal to themselves. Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943); Robertson and Kirkham, Jurisdiction of the Supreme Court (1951 ed.), § 298." N. A. A. C. P. v. Alabama ex rel. Patterson, 357 U.S. 449, 459, 78 S.Ct. 1163, 1170, 2 L.Ed.2d 1488 (1958). See also Alderman v. United States, 394 U.S. 165, 173, 89 S.Ct. 961, 966–967, 22 L.Ed.2d 176 (1969). Applied to organizations, this rule requires, in the absence of special circumstances, that there be an injury to the organization distinct from that to its membership. See, e. g., Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (criminal conviction for aiding and abetting violation of statute); Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (designation of organization as "subversive"); cf. Pierce v. Society of Sisters, 268 U.S. 510, 536, 45 S.Ct. 571, 69 L.Ed. 1070 (1925). But cf. Sedler, Standing to Assert Constitutional Jus Tertii in the Supreme Court, 71 Yale L.J. 599, 653 (1962).

An exception to this rule has evolved out of a series of cases involving efforts by several states to curtail the activities of the N. A. A. C. P. N. A. A. C. P. v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Louisiana ex rel. Gremillion v. N. A. A. C. P., 366 U.S. 293, 81 S.Ct. 1333, 6 L.Ed.2d 301 (1961); Bates v. City of Little Rock, 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960); N. A. A. C. P. v. Alabama ex rel. Patterson, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.

2d 1488 (1958). The N. A. A. C. P. was permitted to represent the rights of its members in each of these cases, all of which involved the freedom of association, because "[i]n each * * *, the organization itself was aggrieved by the violation of its members' rights and therefore plainly had the real adversary interest which is basic to the idea of standing." Note, Parties Plaintiff in Civil Rights Litigation, 68 Colum.L.Rev. 893, 919–20 (1968). See N. A. A. C. P. v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963) (statute to prohibit improper solicitation of legal business); Louisiana ex rel. Gremillion v. N. A. A. C. P., 366 U.S. 293, 81 S.Ct. 1333, 6 L.Ed.2d 301 (1961) (statute requiring certain types of organizations to file list of names and addresses of members); Bates v. City of Little Rock, 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960) (same); N. A. A. C. P. v. Alabama ex rel. Patterson, 357 U.S. 449, 459, 78 S.Ct. 1163, 1170, 2 L.Ed.2d 1488 (1958) (same; "the reasonable likelihood that the Association itself through diminished financial support and membership may be adversely affected"). Moreover, except in N. A. A. C. P. v. Button, to require the individual members to come forward and individually assert the right being claimed, "would result in nullification of the right at the very moment of its assertion." N. A. A. C. P. v. Alabama ex rel. Patterson, 357 U.S. 449, 459, 78 S.Ct. 1163, 1170 (1958).

 In the instant case, there are no special circumstances warranting departure from the general rule requiring that there be a distinct injury to the organization. See Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). The freedom of association of the members is not involved and no direct injury to the National Welfare Rights Organization or Citywide Coordinating Committee of Welfare Organizations is threatened. Nor is there lack of effective representation, gross adversial inequality, or any practical or theoretical obstacle to the individual plaintiffs' effective assertion of their claims. Cf.

Smith v. Board of Education of Morrilton School Dist. No. 32, 365 F.2d 770, 776–777 (8th Cir. 1966); Note, Parties Plaintiff in Civil Rights Litigation, 68 Colum.L.Rev. 893, 920 (1968).

While the two organizations may represent a broader class than the individual plaintiffs—those who are not now entitled to receive welfare benefits but who would be if the standards of need were raised as opposed to those now on welfare whose payments will be cut under the amended statute—the relief presently being sought by the individual plaintiffs will inure to the benefit of all those who come within the broader class.

The liberal amended federal class action rules permit the Court to adequately protect those individuals who may be adversely affected by defendants' action even though they are not named as plaintiffs. *See* Federal Rules of Civil Procedure, Rule 23(c), (d). *But cf.* Sedler, Standing to Assert Constitutional Jus Tertii in the Supreme Court, 71 Yale L.J. 599, 656 (1962). In any event, the National Welfare Rights Organization and Citywide Coordinating Committee of Welfare Organizations will be able to assist the class by appearing as friends of the Court.

Defendants' motion to dismiss as to the National Welfare Rights Organization and Citywide Coordinating Committee of Welfare Organizations for lack of standing is granted. The Clerk of the Court is directed to strike their names from the caption of this case. Henceforth, this case should be referred to as Rosado, et al. v. Wyman, et al.

## II. JOINDER OF H.E.W.

■ Subdivision (a) of Rule 19 of the Federal Rules of Civil Procedure—the feasible joinder provision of the federal rules—is designed to protect the interests of absent parties as well as those already before the Court from multiple litigation or inconsistent obligations. It provides for the joinder of those persons who fall within either of two categories:

> A person * * * shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

■ H.E.W. does not fall within either of these categories. This Court would not "be obliged to grant partial or 'hollow' rather than complete relief to the parties before" it in the absence of the proposed new party. Advisory Committee Notes to Rule 19. Plaintiffs are seeking to invalidate section 131–a so that the present welfare law will remain in effect; they do not seek to cut off federal funds. Such a remedy is an appropriate one and can be granted in the absence of H.E.W. *See, e. g.*, King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Westberry v. Fisher, 297 F.Supp. 1109 (D.Me.1969); Williams v. Danridge, 297 F.Supp. 450 (D.Md.1969); *cf.* Note, Federal Judicial Review of State Welfare Practices, 67 Colum.L.Rev. 84, 117 (1967). In none of the recent challenges to state welfare laws has H.E.W. been made a party. *See, e. g.*, Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Westberry v. Fisher, 297 F.Supp. 1109 (D.Me.1969); Williams v. Danridge, 297 F.Supp. 450 (D.Md.1969).

To require plaintiffs to proceed against H.E.W. would place them in the untenable position of being forced to seek a cut-off of all welfare payments in order to challenge a law on the ground

that it provides for inadequate payments. Such a rule would only serve to insulate state welfare laws from judicial review by deterring potential plaintiffs from challenging them in the courts.

■ Defendants do not suggest any possible prejudice to themselves from a failure to join H.E.W. They only contend that since participation in the AFDC program is purely voluntary, a state is not bound by federal standards in fashioning its welfare system and thus plaintiffs should be required to proceed against H.E.W. to force a cut-off of federal funds. This argument is without merit. Although a state has the option of withdrawing from AFDC, it cannot be said to have exercised that option by the passage of a statute inconsistent with federal law in the absence of an express statement of withdrawal by the state legislature. *See, e. g.*, King v. Smith 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

Nor will H.E.W. be harmed by nonjoinder. While it does have an arguable interest in the subject matter of this litigation since it is required to review each state plan to determine whether the plan complies with federal standards and its decision on such review standards may affect the fiscal contribution of the federal government, H.E.W.'s absence will not, "as a practical matter," impair its ability to protect that interest or expose any of the existing parties to double or inconsistent liability.

Strong support for the lack of prejudice to H.E.W. is suggested by the fact that this agency has opposed the motion to join it as a party. Its interests could be adequately protected, and its position made known to the Court, by the filing of an amicus brief. *See* Lampton v. Bonin, 299 F.Supp. 336 (E.D.La. 1969) (H.E.W. requested to file amicus brief); Jefferson v. Hackney, CA–3012–B (N.D.Tex.1969) (same). Yet, not only has it failed to seek the intervention to which it would be entitled (Federal Rules of Civil Procedure, Rule 24), it has refrained from submitting a brief or par-

ticipating in argument despite repeated requests by the Court that it present its views.

Defendants' motion to join H.E.W. as a necessary and indispensable party is denied.