**ORGANIZED MIGRANTS IN COMMUNITY ACTION, INC.; Toby Hughes, a minor, by his next friend and guardian Essie Mae Hughes, on their own behalf and on behalf of all others similarly situated, Plaintiffs,**

v.

**JAMES ARCHER SMITH HOSPITAL, and Warren Stearnes, Director of James Archer Smith Hospital; the City of Homestead, Florida; Crawford Blake, as Chairman of the Municipal Hospital Board; James A. Bax, Secretary of the Department of Health and Rehabilitative Services of the State of Florida; and Arthur Forehand, Chief of the Division of Community Hospitals and Medical Facilities of the Florida Board of State Institutions, Defendants.**

Civ. No. 70-1794.

United States District Court,
S. D. Florida.

April 6, 1971.

Bruce S. Rogow & Alfred Feinberg, Miami, Fla., Leonard Helfand & Philip L. Coller, Miami Beach, Fla., Joseph Se-

gor, Miami, Fla., Dorsey Henderson, Homestead, Fla., for plaintiffs.

Vernon W. Turner, Homestead, Fla., James G. Mahorner, Tallahassee, Fla., for defendants.

## ORDER ON MOTION TO DISMISS

KING, District Judge.

This action has been brought by Organized Migrants in Community Action, Inc., hereafter referred to as O.M.I.C.A. a non-profit corporation, and Toby Hughes, a minor, by his next friend and guardian, Essie Mae Hughes, on their own behalf and on behalf of a class composed of indigent nonwhites residing between Perrine and Florida City, Dade County, Florida. Plaintiffs seek, *inter alia*, to compel defendant hospital to provide a "reasonable volume" of hospital services to persons unable to pay therefor.

Plaintiffs have alleged jurisdiction based on Titles 42 U.S.C. §§ 291 *et seq.* (the Hill-Burton Act), 1981 and 1983, the Fifth and Fourteenth Amendments to the Constitution of the United States, and titles 28 U.S.C. §§ 1331, 1343, 2201 and 2202.

Defendants, through a motion to dismiss, have challenged the standing of the corporate plaintiff as well as the standing and definiteness of the class. In addition they move to dismiss for failure to state a cause of action under the Hill-Burton Act and on the issue of racial discrimination.

## STANDING

■ Defendants urge that plaintiff, Organized Migrants in Community Action, Inc. does not have proper standing to maintain this action. Generally, an organization must show an injury to itself distinct from that of its membership to support standing. Norwalk CORE v. Norwalk Redevelopment Agency, 395 F.2d 920 (C.A. 2, 1968). O.M.I.C.A. is not a member of the injured class, nor has it any litigable right which is judicially enforceable. While this Court recognizes that special circumstances may exist in some cases to justify a departure from the general rule, no such circumstances have been presented to the Court. The freedom of association of the members of O.M.I.C.A. is not at issue, nor is direct injury to O.M.I.C.A. alleged. Plaintiff Hughes and his class are represented by competent counsel which will insure the effective adversarial assertion of their claims. National Welfare Rights Organization v. Wyman, 304 F.Supp. 1346 (D.C.E.D.N.Y.). The Court therefore concludes that the motion to dismiss plaintiff, O.M.I.C.A., Inc. should be granted with leave to amend if it is so advised.

## CLASS ACTION

■ We find that the complaint represents on its face questions of law or fact common to all on whose behalf the suit is brought. In addition, the relief sought is common to all members of the class and the representative. It appears to the Court that Rule 23(b) (2) is most appropriate to the maintenance of the class action. As pointed out by the advisory committee on the 1966 amendments to the Federal Rules of Civil Procedure:

This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate. Declaratory relief "corresponds" to injunctive relief when as a practical matter it affords injunctive relief or serves as a basis for later injunctive relief. The subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages. Action or inaction is directed to a class within the meaning of this subdivision even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class. Advisory

Committee's notes to 1966 Amendments, 39 F.R.D. 102 (1966).

The issues of this case concern directly the rights given to a class of people described in a Federal statute, further delineated under its implementing regulation. The advisory committee could not have contemplated a more fitting application for their amended rule. The Court therefore concludes this to be a valid class action.

■ Certain requirements of the Hill-Burton Act seek to assure medical services to people unable to pay for them by requiring hospitals using Hill-Burton money to furnish a reasonable volume of free or reduced cost services to the poor. The issue of whether that class of poor people provided for could, on their own behalf enforce the provisions of the Act was recently considered by the Federal District Court for the Eastern District of Louisiana. Cook v. Ochsner Foundation Hospital, 319 F.Supp. 603 (E.D. La.1970). In that case, the Court faced with a complaint strikingly similar to the one at bar drew a strong analogy between Gomez v. Florida State Employment Service, 417 F.2d 569 (5th Cir. 1969) and enforcement of the Hill-Burton provisions. In the Gomez case, the Fifth Circuit held that a private civil action by migratory farm workers can be implied under the Wagner-Peyser Act because these workers are the real beneficiaries and concern of the Act. This Court feels the reasoning of Judge Comiskey in the Cook case is sound and relies on that ruling to hold that plaintiffs have a private right of action under the provisions of the Hill-Burton Act.

■ Faced with a motion to dismiss for failure to state a claim the Court must assume the well pled facts to be true. It will then consider those facts in the light most favorable to the plaintiffs. It is only when plaintiffs can prove no set of facts in support of their claim which would entitle them to relief that the Court will dismiss. In Lewis v. Brautigam, (5th Cir. 1955), (227 F.2d 124, 127), the Court said:

In determining the sufficiency of the complaint, the material facts, but not the unsupported conclusions of the pleader, are considered in the light most favorable to the plaintiff. * * * The complaint should not be dismissed on motion unless, upon any theory, it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved in support of his claim.

It is the opinion of the Court that plaintiffs have sufficiently pled allegations construing a cause of action.

### JOINDER OF H.E.W.

■ Since the Court can only make a legally binding adjudication between parties actually joined, whenever possible persons who hold a material interest in an action should be joined so that a complete disposition may be made. Such joinder protects the parties from multiple litigation or inconsistent obligations. Two essential tests of an indispensable party are: (1) can relief be afforded to the plaintiff without presence of the other party, (2) can the case be decided on its merits without prejudicing rights of the other party. Sandobal v. Armour & Co., (8th Cir. 1970), 429 F.2d 249.

■ It is the responsibility of the United States Department of Health, Education, and Welfare to carry out the provisions of the Hill-Burton Act, and the major point in issue in this suit is an obligation incurred by the named defendants as the result of a contract with that department. While defendants do not claim they will be prejudiced by failure to join H.E.W. in order to grant complete and total relief the Court has concluded that said agency is indispensable. It is therefore, upon the foregoing conclusions of law,

Ordered, adjudged and decreed:

1. The motion to dismiss, relating to those portions of the complaint alleging the claim of Organized Migrants in Community Action, Inc. be and the same

is hereby granted with leave to amend within ten days of the receipt of this order.

(2) The motion of the defendants to dismiss the balance of the complaint be and the same is hereby denied and the defendants shall answer the complaint within twenty days of the receipt of this order.

(3) The United States Department of Health, Education and Welfare be and it is hereby made a party defendant to this suit under the provisions of Rule 19, Federal Rules of Civil Procedure. A certified copy of the complaint filed herein, together with a certified copy of this order, shall be served by the plaintiff upon the United States Department of Health, Education and Welfare within ten days of receipt of this order.