Kimico BUTTS, a minor by her mother and natural guardian Johnnie Butts and Johnnie Butts, in her capacity as an individual, Plaintiffs,

v.

Richard SOUTHWORTH, Individually and as teacher at Washington Elementary School, Erie, Pennsylvania, et al., Defendants.

Civ. A. No. 74–112 Erie.

United States District Court,
W. D. Pennsylvania.

May 7, 1975.

Jay S. Nedell, Legal Services for Northwestern Pa., Erie, Pa., for plaintiffs.

John W. Beatty, Solicitor School District of Erie, Wallace J. Knox, Erie, Pa., for Richard Hilinski.

Will J. Schaaf, Erie, Pa., for Richard Southworth.

## OPINION

WEBER, District Judge.

The within action was commenced by a minor public school student through her parent and natural guardian. Defendants are (1) The School District of Erie, Pennsylvania, (2) Richard Hilinski, the Superintendent of the School District and (3) Richard Southworth who, at the time of the occurrence on which this action is premised, was a teacher at Washington Elementary School in Erie. Jurisdiction of this court is claimed under 28 U.S.C. § 1343.

The complaint alleges that on October 4, 1974, during a disturbance at Washington Elementary School, the minor plaintiff was told to "shut up" by defendant Southworth, whereupon plaintiff responded "I don't have to" and then began to walk toward her homeroom. The complaint alleges that Southworth pursued plaintiff, grabbed her and dragged her into a nearby classroom, and that he then "lifted [her] from the ground and slammed her upon the top of the desk where he held her and stated 'I'm not going to take any more of your lip'". The complaint recites that prior to this incident school officials were notified by plaintiff mother than she forbade them to administer corporal punishment to plaintiff child.

Plaintiffs claim that the above recited incident constitutes the administration of corporal punishment to the minor plaintiff. Plaintiffs allege that because of certain practices and policies in effect in the School District and because of the failure of defendants Hilinski and the School District to promulgate specific rules and regulations concerning corporal punishment, the minor plaintiff was denied due process rights secured under the 14th Amendment and suffered cruel and unusual punishment as proscribed by the 8th Amendment. Plaintiffs now seek declaratory and injunctive relief under 42 U.S.C. § 1983.

A motion for summary judgment has been filed on behalf of all defendants.

The motion is supported by an affidavit which establishes that defendant Southworth is no longer an employee of the School District. It is, therefore, clear that no declaratory or injunctive relief is available to plaintiffs against Southworth.

■ The claim for monetary damages advanced in the complaint has been withdrawn. A preliminary pretrial statement of damages filed by plaintiffs makes it evident that proof of actual damages sustained by the minor plaintiff is speculative. Because no viable claim for any form of relief remains against defendant Southworth, the motion for summary judgment must be granted as to him.

■ The remaining defendants assert that the allegations of the complaint show at most an assault and battery on minor plaintiff; defendants assert that the incident complained of cannot be fairly construed as the administration of corporal punishment by the school district. Plaintiffs' response to the motion for summary judgment does not, in our view, establish that a genuine issue of fact exists as to whether the incident in issue constituted the administration of corporal punishment as a disciplinary measure of the school district or its officials.

Plaintiffs' response to the motion includes generalized reports of two experts who take the position that corporal punishment has no legitimate place in the school system. We have reviewed these reports and the entire text of plaintiffs' response and brief without discovering any matters which indicate that the event described in the complaint was anything but an assault and battery. Nor do we find in the plaintiffs' response any evidence that the practices and policies of the School District on corporal punishment contributed in any way to the occurrence of this incident.

We have no reason to take issue with plaintiffs' position that where, as here, school authorities have prior notice of a parent's opposition to the administration of corporal punishment to her child, the subsequent imposition of such punishment may constitute a trespass cognizable under § 1983. See *Glaser v. Marietta*, 351 F.Supp. 555 [W.D.Pa.1972]. But in *Glaser* the constitutional issues were properly presented; considered punishment had been administered by the principal after a report had been made by the teacher. The same situation of considered punishment was present in the predecessor case of *Thomas v. Harkins*, noted below. Under such circumstances we have no doubt that the merits of a plaintiff's due process and cruel and unusual punishment claims could be reached. Here, however, a teacher acted spontaneously, apparently to quell a disturbance or to remove plaintiff from the area of the disturbance. There was no report to a superior and no reflection by the teacher on the appropriateness of any particular punishment; punishment was not meted out. The complaint describes a touching consistent with assault but inconsistent with our notions of deliberate corporal punishment. Under these circumstances we find that plaintiffs are without standing to contest any constitutional issues arising out of the imposition of corporal punishment. It does not appear that plaintiffs have shown direct impairment of their own constitutional rights as a result of School District policies on these matters. See *Tyler v. Judges*, 179 U.S. 405, 21 S.Ct. 206, 45 L.Ed. 252 [1900]; *Tileston v. Ullman*, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 [1943].

We also note the distinctions between the instant case and *Thomas v. Harkins*, Civil Action No. 74–27 [W.D.Pa.1974], an action filed but later discontinued by the same counsel as represent plaintiffs herein. In *Thomas* the teacher ordered the minor plaintiff to copy 100 words from a dictionary as punishment for a breach of discipline. When plaintiff refused he was escorted to the principal's office where further disobedience resulted in two spankings—one with an

open hand and one with a wooden paddle —by the principal. We think that the incident in *Thomas* was corporal punishment and had the case not been withdrawn, by the decision of the parent to place the child in a parochial school, the constitutional issues which plaintiffs herein seek to litigate might have been decided.

Having come to the above conclusion with respect to the present case we cannot avoid making certain conclusions with respect to the conduct of this and related litigation. This is the second attempt of the legal organization representing plaintiff to bring a philosophical concept before the court in the guise of a lawsuit. Inasmuch as the Constitution limits the jurisdiction of this court to actual cases and controversies and because the Federal Rules of Civil Procedure require that a party bringing suit be the real party in interest we have serious doubts whether this case really fulfills either requirement. Certain propaganda activities concerning this type of litigation were brought to the attention of the court and counsel during consideration of this case. The effort of this legal organization to attract a client for this type of legal action by the circulation of handbills and publication in its newspaper lead to the inference that these counsel have a lawsuit in search of a client rather than a client seeking redress of a grievance.

This observation is fortified by the fact that the identical reports of the same expert witnesses were proffered here to oppose the motion for summary judgment as were filed in the prior case of *Thomas v. Harkins*, regardless of substantial differences in the facts of the two cases. The substance of the reports is a generalized observation as to the superiority of reward to punishment as a method of encouraging a desirable behavior pattern. Few people will quarrel with that proposition and it does not require the assistance of an expert witness to allow a finder of fact to so find. Even the expert allows that " . . .

punishment is effective in immediately suppressing a response or type of behavior . . .". This was the situation facing the teacher here, whether or not we call the teacher's reaction "punishment" or a simple reaction to control an immediate situation.

We feel that there is a great danger in such a situation in that the young, inexperienced counsel who are employed by such a legal organization, inspired by some concepts of legal activism, might be inclined by their zeal to formulate a hypothetical case to meet the requirements of their ready-made cause of action. In a very significant way it has become apparent here that the real party in interest is not the nominal plaintiff but the legal services organization that acts as counsel.

### ORDER

And now this *7th day of May, 1975,* the matter having come before the court on the motion of all defendants for summary judgment and the court having considered the motion and the response of plaintiffs, it finds no genuine issue of material fact and the motion of defendants for summary judgment is granted, and the action of plaintiffs is hereby dismissed.