561 F.2d 872
 1 ITRD 1602, 182 U.S.App.D.C. 423
 CONSUMERS UNION OF UNITED STATES, INC., Individually and on
behalf of its members, Appellant,
v.
COMMITTEE FOR the IMPLEMENTATION OF TEXTILE AGREEMENTS, c/o
Seth M. Bodner, Chairman, U. S. Department of
Commerce, et al.
 No. 76-1064.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Jan. 26, 1977.
Decided April 20, 1977.
Rehearing Denied Sept. 2, 1977.
 
 Eldon V. C. Greenberg, Washington, D. C., with whom Richard A. Frank, Washington, D. C., was on the brief, for appellant.
 David M. Cohen, Atty., Dept. of Justice, Washington, D. C., for appellees. Rex E. Lee, Asst. Atty. Gen., and Andrew P. Vance, Chief, Customs Section, Dept. of Justice at the time the brief was filed, Washington, D. C., were on the brief for appellees.
 Before Mr. Justice CLARK,* of the Supreme Court of the United States, and MacKINNON and ROBB, Circuit Judges.
 Opinion for the court PER CURIAM.
 
 PER CURIAM:
 
 1
 Consumers Union of United States, Inc. (Consumers Union) filed this complaint for declaratory judgment and mandatory injunction against the Committee for the Implementation of Textile Agreements (The Committee), and its four members, the Deputy Assistant Secretary of Commerce for Resources and Trade Assistance, the Deputy Director of the Office of Trade Policy of the Department of Treasury, the Associate Deputy Undersecretary of Labor for Trade and Adjustment Policy and the Assistant Chief, Fibers and Textiles Division of the Department of State. Consumers Union sought a declaratory judgment and mandatory injunction against the administration of the United States program regulating by quota the importation of textiles and textile products into the United States, as authorized by Section 204 of the Agricultural Act of 1956, as amended, 7 U.S.C. § 1854.[1]
 
 1. The Parties and Their Claims:
 
 2
 Consumers Union is a non-profit membership organization which provides information, education and counsel about consumer goods and services and other matters affecting consumer welfare. It annually purchases in excess of $15,000 worth of textile products for testing and other purposes. It brought this suit on its own behalf, as well as that of its members who are also purchasers and consumers of textiles and textile products. The Committee has been delegated full authority under Executive Order 11651 to supervise the implementation of the textile import quota program, including the setting of quotas, if any, on textile imports. Consumers Union alleges that the Committee, contrary to the requirements of Section 204, has failed to make determinations that imports from the countries in question have caused "market disruption" or that such restraints are needed "to eliminate real risks of market disruption", which is the purpose of the Act, and that, in addition, the Committee has failed to honor the requirements of Sections 3 and 4 of the Administrative Procedure Act, 5 U.S.C. §§ 552 and 553, in making its decisions.
 
 
 3
 The Committee contends that (1) Consumers Union has no standing to maintain its claim; (2) the matters complained of are within the exclusive competence of the Customs Court, and the District Court, therefore, had no jurisdiction; (3) judicial review of the Committee action is barred by the doctrine of separation of power; (4) the Committee was not required to follow the requirements of the Administrative Procedure Act; and finally, (5) the Committee enjoyed broad powers of discretion in implementing Section 204 and was not obliged to determine, before taking action, that the purposes of the Act were met.
 
 2. The Action of the District Court:
 
 4
 The District Court granted the Commission's motion for summary judgment; found that the Court had jurisdiction and that Consumers Union had standing; however, it held that Section 204 came under the foreign affairs exception to the APA; and, finally, that the "Executive (is not) required to make a determination of actual or potential domestic market disruption before imposing import restraints on textiles." We reverse the judgment on jurisdictional grounds and direct that the suit be dismissed.3. Standing to Sue:
 
 
 5
 We have serious doubts as to the standing of the Consumers Union to sue. The complaint alleges that the suit is brought on behalf of Consumers Union as well as its members "who are purchasers and consumers of textiles . . . which are or may be subject to quantitative import limitations . . . and Consumers Union and its members are and will be injured directly, irreparably, and in fact, in their capacity as consumers, by the imposition of restraints on the importation of textiles and textile products in the absence of legally required determinations with respect to 'market disruption' or 'real risks of market disruption' "; and that Consumers Union itself annually purchases, for testing and other purposes, in excess of $15,000 worth of textiles and textile products which are or may be subject to " quantitative import limitations". However, this being a declaratory judgment action in which the requirements for standing are strict, Tileston v. Ullman,318 U.S. 44, 45, 63 S.Ct. 493, 87 L.Ed. 603 (1943), we doubt if standing exists. The purpose of the Act is to prevent "market disruption of textiles in the United States." The textile purchases by Consumers Union are for "testing purposes", rather than for consumer use. The purpose of Section 204 would hardly be affected by the importation of $15,000 of textiles a year for testing purposes. On application, it might well be allowed.
 
 
 6
 4. Exclusive Jurisdiction of the Customs Court:
 
 
 7
 However, we need not and do not pass on the question of standing since we conclude that the Customs Court has exclusive jurisdiction of such actions under 28 U.S.C. § 1582. This section places "exclusive jurisdiction (in the Customs Court) of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, where the administrative decision, including all orders and findings entering into the same, involves . . . (4) the exclusion of merchandise from entry or delivery under the provisions of the customs laws." It can hardly be doubted that quantitative limitations on imports are a part of the customs law and that import laws directed at the protection of a particular industry are part and parcel of the same general body of law. This conclusion is buttressed by the fact that the Customs Court has frequently exercised such jurisdiction. See Yoshida International, Inc. v. United States, 378 F.Supp. 1155 (Cust.Ct.1974), rev'd on other grounds, 526 F.2d 560 (Cust. & Pat.App.1975); Western Dairy Products Inc. v. United States, 373 F.Supp. 568 (Cust.Ct.1974), aff'd, 510 F.2d 376 (Cust. & Pat.App.1975), and cases cited. Consumers Union v. Kissinger, 165 U.S.App.D.C. 75, 506 F.2d 136 (1974) is said to be to the contra. But in that case, the "voluntary import restraint undertakings" were not legally binding and could not be implemented by the Customs Service. Id. at 143. There could, as a result, never have been a decision by a Customs official upholding the restraint and opening up the protest procedure which affords access to the Customs Court. Here, however, if anyone wishes to challenge the Committee's action, he can do so as other challenges of that nature are made, i. e. as an importer or as an American manufacturer, producer or wholesaler, bringing textiles into the United States. The provisions of 19 U.S.C. § 1514 then come into play. It provides that "all decisions of the Collector . . . excluding any merchandise from entry or delivery under any provision of the custom laws . . ." are final unless the person aggrieved files a protest with the Collector. Upon its denial, he may bring an action contesting the refusal to allow the merchandise to enter in the Customs Court, 28 U.S.C. § 2632, and its action is reviewable by the Court of Customs and Patent Appeals. 28 U.S.C. § 2638. This exclusiveness is buttressed by 28 U.S.C. § 1340 which gives "original jurisdiction of any civil action arising under any Act of Congress" to the District Court, "except matters within the jurisdiction of the Customs Court " (emphasis supplied).
 
 
 8
 The judgment is therefore reversed, and the cause is remanded with instructions to dismiss the same.
 
 
 9
 It is so ordered.
 
 
 
 *
 Mr. Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation pursuant to 28 U.S.C. § 294(a)
 
 
 [1]
 It provides:
 The President may, whenever he determines such action appropriate, negotiate with representatives of foreign governments in an effort to obtain agreements limiting the export from such countries and the importation into the United States of any agricultural commodity or product manufactured therefrom or textiles or textile products, and the President is authorized to issue regulations governing the entry or withdrawal from warehouse of any such commodity, product, textiles, or textile products to carry out any such agreement.