OPINION OF THE COURT
Lawrence Newmark, J.
Plaintiff, John T. Mather Memorial Hospital of Port Jeffer *954 son, Inc. (Hospital), makes this motion to dismiss the third, fourth and fifth affirmative defenses pleaded by the defendant, Nancy Della Marco. This is an action for the recovery of a balance due for medical services rendered to the defendant. As third, fourth and fifth affirmative defenses defendant pleads that plaintiff has not complied with the Federal "Hill-Burton Act” and the implementing regulations enacted thereunder.
The Hill-Burton Act was enacted in 1946. Its primary purpose is to assist the several States in carrying out programs for the construction of public or nonprofit community hospitals (US Code, tit 42, § 291). To fulfill its purpose the act provides for the appropriation of money to States which submit plans for the allocation of the moneys for the construction of hospitals (US Code, tit 42, § 291d). Hospitals wishing to take advantage of this act can make application to the State agency in charge of regulating the program funds. Before such an application for the construction of a hospital is recommended by a State agency for approval, the State agency must obtain assurances that the facility to be constructed will furnish below cost or without charge a reasonable volume of services to persons unable to pay therefor (US Code, tit 42, § 291c, subd [e]; 42 CFR 53.111).
It is defendant’s contention that plaintiff Hospital is a recipient of Hill-Burton funds which it obtained by agreeing to provide a reasonable volume of service to persons unable to pay therefor. Defendant argues that plaintiff Hospital has failed to fulfill its agreement, that she is a person unable to pay for medical services and that as such she is entitled to free treatment at plaintiff Hospital. That is essentially the gist of defendant’s third, fourth and fifth affirmative defenses.
The question before this court is whether defendant may assert noncompliance with the Hill-Burton Act as an affirmative defense in an action to recover moneys for medical services rendered.
There cán be no doubt that a private party has standing to bring an action against a Hill-Burton funded hospital to compel compliance with assurances made in accordance with the act (US Code, tit 42, § 300p-2; Euresti v Stenner, 458 F2d 1115; Corum v Beth Israel Med. Center, 359 F Supp 909; Organized Migrants In Community Action v Smith Hosp., 325 F Supp 268; Cook v Ochsner Foundation Hosp., 319 F Supp 603). However, such an action can be commenced by a private party "only if a complaint has been filed by such person with *955 the Secretary [Secretary of Health, Education, and Welfare] and the Secretary has dismissed such complaint or the Attorney General has not brought a civil action for compliance with such assurance [assurance to provide a reasonable volume of below cost services] within 6 months after the date on which the complaint was filed with the Secretary” (US Code, tit 42, § 300p-2, subd [c]).
In fact a Federal District Court refused to entertain an action that sought to have the individual plaintiffs declared qualified recipients of cost free medical care under the Hill-Burton Act on the ground that they had failed to exhuast their administrative remedies (Cordon v Forsyth County Hosp. Auth., 409 F Supp 708, affd on other grounds 544 F2d 748). The court there went on to state that (p 722): "Any other resolution of this action, which would require the federal court to inquire into the unscreened, specific factual background of every individual plaintiff to determine if that person were eligible for Hill-Burton care and were denied such care improperly, would place an intolerable burden on the court system and one for which it is ill-prepared.”
It is clear that although an individual has standing to bring an action to compel compliance with the Hill-Burton Act he must exhaust the available administrative remedies. In the case presently before the court there is no indication that the defendant has even pursued an administrative remedy. Yet the defendant would have this court circumvent the available administrative remedies and make a finding that the plaintiff Hospital has violated the Hill-Burton Act. This court is not prepared to take on such an onerous burden.
Furthermore, merely because private individuals have standing to compel compliance with the provisions of the Hill-Burton Act does not mean that they can raise it as an affirmative defense to an action to recover for medical services rendered (Yale-New Haven Hosp. v Matthews, 343 A2d 661 [32 Conn Supp 539], cert den 423 US 1024). The court in Matthews stated (pp 664-665): "Even if it were assumed that private parties might have standing as interested plaintiffs to enforce obligations under Hill-Burton, it does not logically follow that former patient defendants in a collection action by a hospital for services previously rendered have the right to refuse payment of a hospital bill because of the alleged failure of the hospital to comply with its Hill-Burton obligations. There is no authority for such an implied sanction. To allow *956 such a defense would introduce into every hospital collection case, in addition to the usual issues such as the rendition of the services in question, the reasonableness of the charges, the liability of the defendant for the particular services rendered, such varied and collateral issues as the efforts of the hospital to provide a reasonable volume of below cost or free medical services, the economic conditions of the area served by the hospital, contributions from charitable corporations, the budget of the hospital, the determination of the class to be benefited by Hill-Burton funds, and whether the defendant as a member of the 'working poor’ was qualified for inclusion at the time of the rendition of the services. Also the defendant would be required to show the failure of the hospital on any given date to provide a sufficient percentage of care mandated by the act. It cannot reasonably be said that the act ever implied the creation of such a right in an individual defendant as a defense in an action similar to that involved herein.”
This court is in complete agreement with the holding in Matthews; there simply is no authority, express or implied, that would allow such a defense to an action for medical services rendered. The defendant has available to her administrative remedies designed specifically to resolve the issue of noncompliance with the Hill-Burton Act; it is respectfully suggested that she pursue them.
In accordance with the foregoing the third, fourth and fifth affirmative defenses are dismissed (CPLR 3211, subd [b]).