**BARCLAY INDUSTRIES, INC., et al., in their own behalf and as representatives of a class of importers similarly situated, Plaintiffs,**

**v.**

**Jimmy CARTER, personally and as President of the United States, Defendant.**

**Civ. A. No. 80–1237.**

United States District Court, District of Columbia.

July 30, 1980.

Royal Daniel, III, Washington, D. C., Raymond E. Vickery, Jr., Vienna, Va., for plaintiffs.

David M. Cohen, Velta A. Melnbrencis, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Plaintiffs in this action pose a wide-ranging challenge to defendant's activities with regard to imports of hardboard from Brazil. In particular, plaintiffs allege that defendant improperly revoked the duty-free treatment previously accorded such imports under the Generalized System of Preferences ("GSP"), 19 U.S.C. §§ 2461–2465 (1976 & Supp. II 1978), which was created in the Trade Act of 1974, Pub.L. No. 93–618, 88 Stat. 1978.

The matter is now before the Court on defendant's motion to dismiss the complaint. Defendant asserts that this matter lies within the exclusive jurisdiction of the Customs Court, and that this Court therefore lacks subject matter jurisdiction. Plaintiffs have vigorously opposed the motion to dismiss, contending that it is doubtful that the Customs Court can consider all the issues set forth in the complaint, and, in any event, that only this Court can provide the full relief sought.

There appears to have been no final determination by a federal court whether or not challenges to decisions under the GSP fall exclusively within the province of the Customs Court.[1] The parties have briefed

---

1. The only other federal court to have considered the matter appears to be the District Court for the Western District of New York. *See Sybron Corp. v. Carter*, 438 F.Supp. 863 (W.D.N.Y.1977). Chief Judge Curtin stated that the Customs Court should decide whether it had jurisdiction, and ordered plaintiffs to file an action in Customs Court to determine the matter. In the meantime, Chief Judge Curtin retained jurisdiction over the case in his Court, in the event the Customs Court declined juris-

the matter extensively, however, and the issue is now ripe for determination. Although the answer is not free from doubt, the Court holds that plaintiffs' complaint does fall within the exclusive jurisdiction of the Customs Court and that defendant's motion must therefore be granted.

Jurisdiction of this Court is controlled by the terms of 28 U.S.C. § 1340 (1976), which states that, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage *except matters within the jurisdiction of the Customs Court.*" (Emphasis added.) The question is whether the jurisdiction of the Customs Court, as set forth in 28 U.S.C.A. § 1582 (1980), encompasses jurisdiction over matters such as this challenge to the GSP.

By its terms, section 1582 refers only to actions arising under the Tariff Act of 1930, as amended, and the Trade Agreements Act of 1979. The GSP is part of neither of these acts, but of the Trade Act of 1974. Furthermore, although the Trade Act of 1974 specifically extended the jurisdiction of the Customs Court in some areas, it did not extend jurisdiction to cover challenges under the GSP.[2] A literal reading of section 1582, however, is not sufficient to end the matter.

If the Customs Court were limited in its jurisdiction to considering cases that alleged on their face violations of the Tariff Act of 1930, as amended, or the Trade Agreements Act of 1979, then that court would be severely hampered in its task of providing "a complete, integral system of customs adjudication." *See J. C. Penney Co. v. United States Treasury Department,* 439 F.2d 63, 66 (2d Cir.), *cert. denied,* 404 U.S. 869, 92 S.Ct. 60, 30 L.Ed.2d 113 (1971). Plaintiffs—such as those before this Court—could escape the exclusive jurisdic-

tion of the Customs Court simply by alleging violations of other statutes or of constitutional provisions. To avoid this result, the federal courts have found exclusive Customs Court jurisdiction whenever adequate remedies could be sought in that court, regardless of the specific claims asserted. *See, e. g., Consumers Union of the United States, Inc. v. Committee for the Implementation of Textile Agreements,* 561 F.2d 872, 874 (D.C.Cir.1977), *cert. denied,* 435 U.S. 933, 98 S.Ct. 1509, 55 L.Ed.2d 531 (1978); *SCM Corp. v. United States International Trading Commission,* 549 F.2d 812, 815–22 (D.C.Cir.1977).

In the present case, plaintiffs clearly could have sought relief in the Customs Court. To do so, plaintiffs would simply be required to import some of the Brazilian hardboard at issue, pay the assessed duty, file an administrative protest, and, upon denial of the protest, file an action in the Customs Court based on the same grounds alleged here. Significantly, the Customs Court has already taken jurisdiction in several cases involving the GSP. *See, e. g., John A. Knowles & Sons, a/c Great House, Inc. v. United States,* P 80/11, 14 Cust.Bull. No. 6, p. 21; *Nadel Trading Corp. v. United States,* P 80/45, 14 Cust.Bull. No. 17, p. 48.

There are a few, limited exceptions to the Customs Court's exclusive jurisdiction, and plaintiffs have attempted to draw this claim within some of those exceptions. In particular, plaintiffs contend that they do not have an adequate legal remedy in the Customs Court, that they seek to challenge an allegedly invalid executive order and not a customs determination, and that plaintiffs' complaint should be a class action, which is only possible in a district court. None of these arguments for ousting Customs Court jurisdiction is persuasive.

---

diction. Three years later, the jurisdictional dispute in *Sybron* remains unsettled.

**2.** In fact, the Act is silent on jurisdiction for challenges to GSP determinations. *See* Trade Act of 1974, Pub.L. No. 93–618, [1974] U.S. Code Cong. & Admin.News, pp. 2290, 2377,

2394–2400; Sen.Rep. No. 93–1298, *reprinted in* [1974] U.S.Code Cong. & Admin.News., pp. 7186, 7318–20. *See also Sybron Corp. v. Carter, supra,* 438 F.Supp. at 864 n.2 (concluding Act is silent on jurisdiction over GSP challenges).

As discussed above, the plaintiffs in this case clearly do have a means for review in the Customs Court. Thus this case is distinguishable from *Timken Co. v. Simon*, 539 F.2d 221 (D.C.Cir.1976), on which plaintiffs rely, for in *Timken* the court expressly stated that its reason for finding district court jurisdiction was that the plaintiff had no means whatsoever for getting jurisdiction in the Customs Court. *Id.* at 225–27. The jurisdiction of the Customs Court is not defeated simply because a more desirable relief or a more effective procedure is available in a district court. *Jerlian Watch Co. v. United States Department of Commerce*, 597 F.2d 687, 692 (9th Cir. 1979); *J. C. Penney Co. v. United States Treasury Department, supra*, 439 F.2d at 68.

Plaintiffs stress in their argument that this action does not involve a customs matter per se, but the validity of presidential action. That may be true, but it does not oust the jurisdiction of the Customs Court. The Customs Court has regularly considered challenges to similar presidential actions. *See, e. g., Alcan Sales, Div. of Alcan Aluminum Corp. v. United States*, 534 F.2d 920 (C.C.P.A.), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976); *United States v. Yoshida International, Inc.*, 526 F.2d 560 (C.C.P.A.1975); *Aimcee Wholesale Corp. v. United States*, 468 F.2d 202 (C.C.P.A.1972). In *Alcan* and *Yoshida*, the Customs Court was faced with challenges to a 1971 presidential proclamation imposing an import surcharge. *Aimcee* involved a challenge to a similar proclamation by the President in 1961. In each case, review of the presidential order was central to the Customs Court's resolution of the dispute.

Finally, there is no need for plaintiffs to pursue this action as a class suit. If a single test case is successful, then that decision will serve to provide at least prospective relief for all members of the class.

Plaintiffs' arguments are not without merit. It may be true that in this case the district court would provide plaintiffs a more satisfactory forum in which to advance their claim. But the law is otherwise. Plaintiffs' action could be brought pursuant to the Tariff Act of 1930, as amended, and thus jurisdiction is exclusive with the Customs Court. 28 U.S.C.A. § 1582 (1980). This Court lacks subject matter jurisdiction, and defendant's motion to dismiss for lack of jurisdiction is hereby granted.