962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earl BELLACK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-35115.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1992.*
Decided April 23, 1992.
 
 1
 Before EUGENE A. WRIGHT, and ALARCON, Circuit Judges, and DAVIES,** District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 Earl Bellack appeals from the district court's dismissal for failure to state a claim under Fed.R.Civ.P. 8(a). The district court found that Bellack's claim was not "a short and plain statement." The district court is correct, but we affirm on other grounds. Bellack did not have standing to bring this action.
 
 BACKGROUND
 
 4
 Plaintiff-Appellant Earl Bellack was a teacher of emotionally handicapped children until he resigned his position in 1980. Concerned that his school was violating Wisconsin state law, Bellack and three of his former students filed complaints (05-80-1130, 05-80-1193, 05-80-1195) with the U.S. Department of Education, Office of Civil Rights [hereinafter "OCR"] in 1980. He alleged that federal and state laws concerning the schooling of handicapped children in the Lodi, Wisconsin public schools were being violated because schools were failing to provide an appropriate educational program for emotionally handicapped children, and special education funds were being mishandled. OCR investigated, and issued written findings on October 28, 1981 stating that the weight of the evidence did not support Bellack's allegations.
 
 
 5
 Bellack, appearing pro se, brought suit against the United States in the United States District Court, Eastern District of Washington, on August 6, 1986 (C 86-619-AAM), alleging "gross negligence and deliberate indifference" as to his OCR complaints. That claim was dismissed without prejudice on January 26, 1987, pursuant to Fed.R.Civ.P. 4(d)(4) and 8(e) for lack of proper service and lack of concise, simple and direct pleading. An appeal to this Court, filed March 16, 1988, was dismissed as untimely pursuant to Fed.R.App.P. 4(a) on October 13, 1988 (No. 88-03711).
 
 
 6
 Bellack filed his second essentially similar complaint in the same court on April 4, 1989, alleging "gross negligence and deliberate indifference" as to his OCR complaints and the dismissed federal case, and that the Wisconsin state and federal governments covered up the OCR investigation. He further alleged "the public antieducation of disabled children. And that, the United States Government, as instruments, did knowingly and voluntarily, or through unexcused ignorance, violate the XIV Amendment...." Bellack sought a redress of grievances "in accordance with the I Amendment."
 
 
 7
 On August 8, 1989, the district court dismissed the complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to comply with Fed.R.Civ.P. 8(a).[1] This appeal followed.
 
 DISCUSSION
 
 8
 Bellack presents no justiciable "case or controversy," as Bellack, an interested bystander, does not have standing to pursue a claim on behalf of disabled children. See Allen v. Wright, 468 U.S. 737 (1984). In order to have standing, Bellack's complaint must have alleged facts which meet certain prudential considerations, and satisfy the requirements of Article III of the United States Constitution. Id.
 
 
 9
 Three prudential principles bear on standing. First, Bellack's claim must fall "arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." Ass'n of Data Processing Serv. Organizations, Inc. v. Camp, 397 U.S. 150 (1970); see also Port of Astoria v. Hodel, 595 F.2d 467 (9th Cir.1979). Second, the claim must be for injury to Bellack's own legal rights and interests, rather than the legal rights or interests of third parties. Warth v. Seldin, 422 U.S. 490, 499 (1975). Third, the injury must be individualized or confined to a discrete group. Id.
 
 
 10
 Failure to satisfy any one of these principles defeats standing. The Court finds here that Bellack lacks standing because he fails to satisfy either the second or third principles.
 
 
 11
 Bellack cannot maintain a federal civil action to redress injuries to others, or to assert the rights of nonparties. Tileston v. Ullman, 318 U.S. 44 (1943). Bellack has not shown any "injury in fact" to himself. Instead he is asserting the rights of his former students, in order to redress their alleged injuries. As the original OCR complaints were filed by Bellack and either his former students or their parents, it is apparent that it would not be difficult or impossible for such parties to assert their rights themselves. See Craig v. Boren, 429 U.S. 190 (1976). Furthermore, both district court complaints name only "Earl Bellack, et al." as plaintiff. Bellack has never formally stated to whom the "et al." refers. There is no indication his former Wisconsin students are parties in this Washington suit. Bellack, the only named plaintiff, lacks standing. He alleges no injury to his own legal rights and interests.
 
 
 12
 The Court will not adjudicate "abstract questions of wide public significance" amounting only to "generalized grievances." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 474-75 (1982). Bellack alleges "the public antieducation of disabled children," and violation of the first and fourteenth amendments to the United States Constitution. The injury Bellack alleges is not individualized or confined to a discrete group, and is therefore not appropriate for judicial resolution. The complaint is too abstract to constitute a case or controversy.
 
 
 13
 Having determined that Bellack does not have standing to sue because he has not satisfied the prudential considerations, the Court will not reach the three-pronged Article III test. See Valley Forge, 454 U.S. at 472-73. The Court holds that the district court lacked jurisdiction to hear Bellack's claim.
 
 
 14
 The decision of the district court is accordingly
 
 
 15
 AFFIRMED ON OTHER GROUNDS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable John G. Davies, United States District Court, Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 8(a) provides that a "pleading ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...."