**Jacob James BOESEL, Taxpayer, for himself and all others similarly situated, Plaintiff,**

v.

**George SCHULTZ, Treasurer of the United States, et al., Defendants.**

**Civ. A. No. 73–34.**

United States District Court,
S. D. Ohio, E. D.

Jan. 29, 1975.

Joseph H. Hans, George W. Twyford, Columbus, Ohio, for plaintiff.

William W. Milligan, U. S. Atty., W. Robinson Watters, Asst. U. S. Atty., Columbus, Ohio, for defendants.

## OPINION AND ORDER

DUNCAN, District Judge.

This is an action brought to challenge 22 U.S.C. § 287e, which appropriates federal monies for use by the United Nations. The complaint, which seeks injunctive and other equitable relief, alleges that

Article 36 of the Statute of the International Court of Justice (made an 'integral part' of the United Nations Treaty by Article 92 of the latter) is in conflict with Articles III, V, and VI of the U. S. Constitution, in that said Article 36 purports to transfer to the International Court of Justice, judicial power over all treaty interpretation disputes and all questions of international law, whereas, such judicial power has, by Article III, Section 2, of the U. S. Constitution, been mandatorily lodged in the U. S. judiciary, further, plaintiff says that because of such conflict between the U. N. Treaty and Articles III, V, and VI of the U. S. Constitution, such Treaty is void and absolutely without authority; and that accordingly, there is absolutely no authority for the Defendant, the Treasurer of the United States to make any further payments of U. S. tax dollars to cover such void assessments of the United Nations.

The complaint also alleges that the Secretary General of the United Nations is transferring funds out of the jurisdic-

tion of this Court and that such transfers are a fraud upon the creditors of the United Nations. The largest of such creditors is alleged to be the United States. Plaintiff purports to sue individually in his status as an American taxpayer, and as a representative of a class of all other American taxpayers. The complaint prays that this Court enjoin the Treasurer of the United States from authorizing further expenditures of federal tax dollars for use by the United Nations, that the United Nations be placed in receivership and its assets liquidated, and that the proceeds of such liquidation be distributed to the creditors of the United Nations.

■ This matter is before the Court upon defendants' motion to dismiss. The general rule applicable to taxpayers' suits in federal court is that they do not meet the requisite "case or controversy" standard of Article III of the United States Constitution and are therefore non-justiciable. Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). Recognizing the existence of this principle, plaintiff seeks to bring this case within the narrow exception to the *Frothingham* rule which was carved out in Flast v. Cohen, 392 U.S. 83, 88 S. Ct. 1942, 20 L.Ed.2d 947 (1968). *Flast* provided that a taxpayer has standing to attack a congressional expenditure when it is shown, *inter alia*, "that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, § 8." 392 U.S. at 102–103, 88 S.Ct. at 1954. This test was quoted approvingly by the Supreme Court as recently as last year in United States v. Richardson, 418 U.S. 166, 173, 94 S.Ct. 2940, 2945, 41 L.Ed.2d 678 (1974), where the Court spoke of the *Frothingham* bar to taxpayers' suits as having been "slightly lowered" by *Flast* and referred to "the narrowness of the *Flast* holding."

■ Plaintiff contends "that the specific constitutional limitation violated by said Section 287(e) is Article III . . . and that said specific limitation is a limitation of the Congressional taxing and spending power." Memorandum Contra Defendants' Motion to Dismiss at 4. I simply do not agree that Article III, which vests the judicial power of the United States in the federal judiciary, is a specific constitutional limitation upon congressional taxing and spending power in the sense in which that phrase is used in *Flast*.

At the heart of plaintiff's theory lies his proposition that federal monies are being expended to support a judicial entity, the International Court of Justice, which exercises, as part of its judicial functions, power which Article III vests of its federal judiciary. Plaintiff never states how the constitutional delegation to the legislative and executive branches of authority concerning foreign affairs, see Article II, § 2, Cl. 2 and Article I, § 8, Cl. 10, meshes with such a proposition. There are, of course, constitutional checks upon the treaty-making power of the United States. See, *e. g.*, Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L. Ed.2d 1148 (1957).

The question before this Court is not in the first instance whether Article III is such a check upon the treaty-making power. Rather, since this case, unlike Reid v. Covert, involves a plaintiff taxpayer suing as a taxpayer, the threshold question under *Flast* is whether Article III is a specific limitation upon *congressional spending*. *Flast* specifically holds that it is insufficient for a taxpayer to allege that the congressional action sought to be challenged is "generally beyond the powers delegated to Congress by Art. I, § 8." 392 U.S. at 103, 88 S. Ct. at 1954. If the vesting clause of Article III constitutes a specific check upon congressional spending, so as to give taxpayers standing to attack appropriations bills, then virtually every other constitutional delegation of power to other than the legislative branch would similarly constitute such a check. The result would be that taxpayers would have standing to sue in all cases in

which they alleged an encroachment by Congress upon the powers of the judicial branch or the executive branch.

As noted above, the Supreme Court has recently indicated, in United States v. Richardson, that *Flast* is to be read as a narrow exception to the general *Frothingham* principle. Reading *Flast* with this *Richardson* caveat in mind, I conclude that unlike the First Amendment's prohibition of congressional spending respecting religion, which *Flast* concerned, Article III constitutes no express check upon congressional taxing and spending. It follows that a taxpayer's allegation that federal funds are being expended in violation of Article III is insufficient to give him standing to challenge such spending.

Plaintiff having failed to establish the requisite standing to sue as a taxpayer in this action, the action is dismissed.

It is so ordered.