CIVIC AWARENESS OF AMERICA LTD., a non-profit Wisconsin corporation, et al., Plaintiffs,

v.

Elliot L. RICHARDSON, Secretary of the Department of Health, Education and Welfare, et al., Defendants.

Civ. A. No. 71–C–344.

United States District Court, E. D. Wisconsin.

Feb. 3, 1975.

and birth control. Plaintiffs are a non-profit corporation and individuals who oppose certain forms of population control. They seek to prevent further grants by defendant Elliot L. Richardson to defendants Planned Parenthood Association of Milwaukee and Planned Parenthood-World Population (hereinafter "Planned Parenthood") under § 508(a)(3) of the Social Security Act, 42 U.S.C. § 708(a)(3), and future grants under the Family Planning Services and Population Research Act of 1970, 42 U.S. C. § 300.

This court previously denied the plaintiffs' motion to convene a three-judge district court, 348 F.Supp. 1358 (1972), on the grounds that the constitutional claims raised were insubstantial, frivolous, and without merit. Defendant Planned Parenthood has now moved to dismiss the remaining statutory claims. Defendant Richardson has filed an answer accompanied by an affidavit and has moved for judgment on the pleadings or, in the alternative, for summary judgment. The defendants contend that the plaintiffs lack standing to sue and that, as a matter of law, the allocations to Planned Parenthood do not violate the statutes in question. It is unnecessary to reach their second contention, for I find that the plaintiffs lack standing to bring this action both as taxpayers and under the Administrative Procedure Act.

George P. Kersten and David Keyser, and Roman H. Papka, Milwaukee, Wis., for plaintiffs.

Harlington Wood, Jr., Asst. Atty. Gen., and Harland F. Leathers and T. Scott Johnston, Attys., Dept. of Justice, Washington, D. C., and David J. Cannon, U. S. Atty. by Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., for defendant Elliot L. Richardson.

Jackson M. Bruce, Jr., Larry J. Jost and Michael J. Spector, Milwaukee, Wis., for defendants Buzard, Planned Parenthood Association of Milwaukee, and Planned Parenthood-World Population.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This case involves a challenge to the use of federal funds for family planning

## TAXPAYER STANDING

Prior to 1968, the leading Supreme Court case on the standing of taxpayers to challenge federal expenditures was Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). The plaintiff in that case challenged federal funding under the Maternity Act of 1921 for state programs aimed "to reduce maternal and infant mortality and protect the health of mothers and infants." Id., at 479, 43 S.Ct. at 598. She alleged that the congressional enactment usurped power reserved to the states under the Tenth Amendment. Thus, she claimed, its effect would be to take her property under the guise of in-

creased future taxes without due process of law.

The Court denied standing, noting that a federal taxpayer's "interest in the moneys of the Treasury" is "comparatively minute and indeterminable," and that "the effect upon future taxation, of any payment out of the [Treasury's] funds," * * * is "remote, fluctuating and uncertain." *Id.*, at 487, 43 S.Ct. at 601. As a result, the Court ruled that the taxpayer had failed to allege the type of "direct injury" necessary to confer standing, stating at 488, 43 S.Ct. at 601:

> "* * * The party who invokes the [judicial] power must be able to show, not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally. * * *"

In Flast v. Cohen, 392 U.S. 83, 88 S. Ct. 1942, 20 L.Ed.2d 947 (1968), the Court re-examined the limitations on federal taxpayer standing. There the taxpayer-plaintiffs alleged that the First Amendment's Establishment Clause was violated by the appropriation of federal funds under the Elementary and Secondary Education Act of 1965 to assist religious schools. The Court summarized the issue of standing as follows at 99, 88 S.Ct. at 1952:

> "* * * The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

The Court distinguished *Frothingham* and ruled that there is no absolute constitutional bar to taxpayer suits. It then proceeded to erect a two-tier standing test for federal taxpayers who challenge the constitutionality of a federal spending program. The plaintiff-taxpayer must show (1) a "logical link" between his status as taxpayer and the challenged legislative enactment, in this case under the taxing and spending clause of Article I, Section 8, of the Constitution; and (2) a "nexus" between his status and a specific constitutional limitation imposed on the taxing and spending power, such as the Establishment Clause. *Id.*, at 102–103, 88 S. Ct. 1942.

The vitality of the *Frothingham* limitation on federal taxpayer suits as well as the narrowness of the *Flast* test for taxpayer standing are made evident by the Court's recent decision in United States v. Richardson, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974). The Court ruled that the plaintiff-taxpayer Richardson lacked standing since he fell short of the *Flast* criteria and within the *Frothingham* holding. The Court reaffirmed the principle of *Frothingham* precluding a taxpayer's use of "a federal court as a forum in which to air his generalized grievances about the conduct of government or the allocation of power in the Federal System." Flast v. Cohen, supra, 392 U.S. at 106, 88 S.Ct. at 1956. See also Schlesinger v. Reservists' Committee to Stop the War, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974).

▇▇▇▇ These decisions make it apparent that the individual and corporate plaintiffs lack standing to maintain this action as taxpayers.[1] This court's earlier ruling determined that the plaintiffs' challenge to the instant expenditures under the Establishment Clause was insubstantial, frivolous, and without

---

1. Plaintiffs' assertion of the continued justiciability of the statutory questions has no bearing on the initial issue of the plaintiffs' standing to raise these matters. Standing to sue is an element of the constitution's "case or controversy" requirement, and in public actions such as this one, it is necessary to first inquire whether the party seeking relief is a proper party to raise the issues and litigate them before the court.

merit. The previous ruling prevents further reliance by the individual plaintiffs upon *Flast* for taxpayer standing.[2] Their statutory allegations must be tested under the *Frothingham* "direct injury" rule. So measured, the plaintiff-taxpayers raise no more than "generalized grievances" about these federal appropriations; indeed, their allegations bear a strong resemblance to those found deficient in *Frothingham.* The impact on them, like on the plaintiff in *Richardson,* is undifferentiated and common to all members of the public. Hence, they lack a personal stake in the outcome which is necessary to confer standing.

■ The corporate plaintiff is likewise without standing to sue as a taxpayer. Organizations whose members are injured have been allowed to put forward these persons' constitutional rights in a proceeding for judicial review. N.A.A.C.P. v. Alabama ex rel. Patterson, 357 U.S. 449, 458–460, 78 S. Ct. 1163, 2 L.Ed.2d 1488 (1958); Joint Anti-Facist Refugee Committee v. McGrath, 341 U.S. 123, 149–154, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring). We may assume arguendo that Civil Awareness of America Ltd., though not itself a taxpayer, may assert the constitutional rights of its member-taxpayers. See *Schlesinger,* supra. Applying the *Flast* holding, the corporate plaintiff, like its individual co-plaintiffs, fails to satisfy the nexus test and, hence, lacks standing to sue as a taxpayer.

### ADMINISTRATIVE PROCEDURE ACT STANDING

Plaintiffs next contend that they have standing under § 10 of the Administrative Procedure Act (hereinafter "A.P.A."), 5 U.S.C. § 702, which provides:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

In Data Processing Services v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970), and Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970), the plaintiffs were held to have standing under this statute to secure judicial review of federal agency action where (1) they had alleged that the challenged action had caused them "injury in fact," and (2) the alleged injury was to an interest "arguably within the zone of interests to be protected or regulated" by the statutes that the agencies were claimed to have violated. The Supreme Court's subsequent interpretation of "injury in fact" in Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), indicates that persons suffering a noneconomic injury shared by many others can properly seek judicial review of an agency's action, but only if they themselves are among the injured. See also United States v. SCRAP, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973).

■■ In the present case, the plaintiffs claim to represent "some of the unborn children" as part of their class. They assert that these unborn will not be born as a result of the instant federal expenditures, and that this fact satisfies both requirements for the plaintiffs to have standing under A.P.A. § 10 to press their statutory claims. Denominating their suit a class action will not suffice in this instance, for plaintiffs "cannot represent a class of [which] they are not a part," namely, the unborn. Bailey v. Patterson, 369 U.S. 31, 32–33, 82 S.Ct. 549, 550, 7 L.Ed.2d 512

2. Plaintiffs' *a fortiori* argument that they continue to have taxpayer standing to challenge a federal expenditure designed to prevent or destroy life is without merit. As a general rule, litigants may rely only on constitutional rights which are personal to themselves and may not, save in exceptional cases, assert the rights of absent third parties, such as an unborn fetus. Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943).

**1090**

(1962); Hall v. Beals, 396 U.S. 45, 48–49, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969). "* * * [N]amed plaintiffs without the right to further represent themselves can[not] continue to represent unnamed parties allegedly in a similar situation." Watkins v. Chicago Housing Authority, 406 F.2d 1234, 1236 (7th Cir. 1969). Even assuming a proper class action here, plaintiffs' allegations fail to satisfy the A.P.A. test for standing. Nowhere is it shown that the unborn have an interest "protected or regulated" by the Social Security Act or the Family Planning Services and Population Act of 1970.

Plaintiffs further allege that they, who do not use family planning services, have standing under A.P.A. § 10 to challenge these federal expenditures due to the reduced availability of medical facilities and personnel which would result from providing family planning services to others.[3] Assuming that this is a harm, it is not such a direct and specific harm sufficient to supply standing, for the Supreme Court has stated that:

"* * * A plaintiff must allege that he has been or will in fact be perceptibly harmed by the challenged agency action, not that he can imagine circumstances in which he could be affected by the agency's action. And it is equally clear that the allegations must be true and capable of proof at trial. * * *" SCRAP, supra, at 688–689, 93 S.Ct. at 2416.

The plaintiffs have failed to show that the interest they seek to protect is within the interests to be protected by the family planning statutes in question.

In both the Sierra Club and SCRAP opinions, the Supreme Court stated that the A.P.A.'s standing provisions should not be construed "to authorize judicial review at the behest of organizations or individuals who seek to do no more than

vindicate their own value preferences through the judicial process." Sierra Club, supra, 405 U.S. at 740, 92 S.Ct. at 1369; SCRAP, supra, 412 U.S. at 687, 93 S.Ct. 2405. Since the plaintiffs fall into this "concerned bystander" category and have failed to establish their standing to litigate these statutory claims, the respective defendants' motion to dismiss and motion for judgment on the pleadings must be granted.

For the above reasons and for the reasons set forth in this Court's earlier decision in this action at 348 F.Supp. 1358 (1972),

It is ordered that this action be and it hereby is dismissed on its merits.

---

**3.** The plaintiffs also assert that they are injured by the coercive impact of family planning programs on potential users of these services. This contention is without merit,

for I noted in the initial order in this case that "Both statutes are careful to insist on voluntary participation." 343 F.Supp. at 1361.