William B. RICHARDSON, Plaintiff,

v.

J. T. SPAHR, Director Executive Staff, Bureau of Government Financial Opers., Department of the Treasury, Defendant.

William B. RICHARDSON, Plaintiff,

v.

Robert S. YOUNG, Freedom of Information Coordinator, Central Intelligence Agency, Defendant.

William B. RICHARDSON, Plaintiff,

v.

William E. COLBY, Director, Central Intelligence Agency, et al., Defendants.

Civ. A. Nos. 75–297, 298 and 712.

United States District Court,
W. D. Pennsylvania.

Jan. 30, 1976.

William B. Richardson, pro se.

Joel B. Strauss, U. S. Atty., Pittsburgh, Pa., for defendants.

## OPINION

GOURLEY, Senior District Judge.

This is a civil proceeding based on the Freedom of Information Act, 5 U.S.C.A., § 552, in which Civil Action No. 75–297, Civil Action No. 75–298, and Civil Action No. 75–712 have been consolidated by Order of Court on August 12, 1975. In each of these actions, the plaintiff, William B. Richardson, seeks to obtain from the defendants financial records which reflect C.I.A. transactions from the inception of the agency in 1947 until the present time. The immediate matters before the Court are defendants' Motion to Dismiss or in the Alternative for Summary Judgment. The Court has conducted a full and complete hearing and must conclude that defendants' Motion for Summary Judgment should be granted.

In view of the fact that all three civil actions are interrelated with common questions of law and fact and since the defendants raise the same legal arguments, for purposes of this proceeding, the Court will only make reference to the particular issues involved.

The Freedom of Information Act exempts from disclosure those documents "specifically required by Executive Order to be kept secret in the interest of the national defense or foreign policy." 5 U.S.C.A., § 552(b)(1) (1970). The Act further provides that matters may be exempt from disclosure where specifically exempted from disclosure by statute. 5 U.S.C.A., § 552(b)(3) (1970).

Pursuant to the Central Intelligence Act of 1949, as amended, the Central Intelligence Agency is authorized to receive funds from other agencies, to accept these funds without regard to other provisions of law, and for objects of a confidential nature, and to account for the same solely on the certification of the agency Director. The Act also provides as follows:

> "In the interests of the security of the foreign intelligence activities of the United States and in order further to implement the proviso of section 403(d)(3) of this title that the Director of Central Intelligence shall be responsible for protecting intelligence sources and methods from unauthorized disclosure, the Agency shall be exempted from the provisions of section 654 of Title 5." 50 U.S.C.A., § 403g.

A close and careful reading of the statute and its legislative history clearly and unequivocally reflects the approval by Congress for the secrecy involved in funding and operating intelligence operations. As a necessary precaution and so as not to impair our national security, Congress approved the unusual provisions relating to the annual financing of the agency operations. See: 50 U.S.C.A., § 403g; 50 U.S.C.A., § 403j(b); 50 U.S.C.A. § 403f(a). To illustrate the possible danger to the national security the defendants have submitted affidavits which conclusively establish that the financial information sought by the plaintiff, if made public, could lead to the disclosure of the Agency's intelligence efforts, provide a good picture of United States intelligence capabilities, and would no doubt compromise and endanger the government's efforts to maintain national security. Congress, in recognition of the close correlation between the funding and actual operation of an intelligence network, has amply guarded against the unauthorized disclosure of intelligence and methods by exempting from public scrutiny receipts and expenditures relative to the C.I.A.

Likewise, the National Security Act of 1947 puts the responsibility on the Director of Central Intelligence to protect intelligence sources and methods from unauthorized disclosure. 50 U.S.C.A., § 403(d)(3). As so clearly demonstrated by the defendants' affidavits, disclosure of the information and records pertaining to the expenditures and transfers of public monies relative to the C.I.A. would compromise and open up for inspection the government's intelligence network and capabilities thereby making it impossible for anyone to protect intelligence sources and methods from unauthorized disclosure.

Finally, the Court is of the firm belief that the information sought by the plaintiff under the Freedom of Information Act is also exempt from disclosure by Executive Order 11652, 3 C.F.R. 375, 1973.[1] As previously stated, the Freedom of Information Act specifically exempts from disclosure matters which are "specifically authorized under criteria established by an executive order to be kept secret in the interests of national defense or foreign policy and are in fact properly classified pursuant to such Executive order." 5 U.S.C.A., § 552(b)(1): Executive Order 11652 promulgated by President Nixon in 1973 is the current executive order governing the classification of national security information and material. The test for a "secret classification" under Executive Order 11652 is whether the unauthorized disclosure of said material could

---

1. Executive Order 11652 . . . provides in part . . . this official information or material referred to as classified information or material in this order, is expressly exempt from public disclosure by Section 552(b)(1) of Title 5, United States Code. Wrongful disclosure of such information or material is recognized in the Federal Criminal Code as providing a basis for prosecution.

reasonably be expected to cause serious damage to the national security. A thorough review of the record conclusively establishes that the defendants have not only complied with the procedural requirements for obtaining a "secret classification" but have also demonstrated to the satisfaction of this Court, through detailed affidavits, that the classification was a proper one. More specifically, the public disclosure of those materials classified as "secret" would cause serious damage to our national security.[2]

In view of the above, the Court can only conclude that the individual defendants, as well as the agencies to which they belong, acted properly in refusing to disclose the information sought by the plaintiff. The Court also is of the firm belief that the Department of Justice and its personnel, properly and lawfully, exercised their official duties in representing the defendants in this action.

---

2. Defendants' contentions that plaintiff's requests did not constitute reasonable requests or reasonably identify the records as required by the Freedom of Information Act will not be discussed herein. Even if the Court had determined that the plaintiff's requests were reasonable within the meaning of the statute, the information would nevertheless be exempt from disclosure pursuant to the Central Intelligence Act of 1949, the National Security Act of 1947, and Executive Order 11652.