William B. RICHARDSON, Plaintiff,

v.

G. William MILLER, Secretary of the Treasury; Stansfield Turner, Director, Central Intelligence Agency; James T. McIntyre, Jr., Director, Office of Management and Budget; Jerome Kurtz, Commissioner, Internal Revenue Service; Bernard J. Miskanic, I. R. S. Officer, Greensburg Office, Defendants.

Civ. A. No. 80–503.

United States District Court, W. D. Pennsylvania.

Dec. 22, 1980.

William B. Richardson, pro se.

Judith K. Giltenboth, Asst. U. S. Atty., Pittsburgh, Pa., Beth A. Kaswan, Atty., Tax. Div., U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

ZIEGLER, District Judge.

This is a civil action for multifaceted relief predicated on two distinct theories. First, William B. Richardson challenges the computation of his tax liability by the In-

ternal Revenue Service for the years 1971-74. Second, plaintiff asserts that Section 403f(a) of the Central Intelligence Agency Act,[1] which authorizes funding for that agency by secretive means, is constitutionally infirm. Presently before the court is the motion of defendants for dismissal or judgment pursuant to Rules 12(b)(6) and 56(b) of the Federal Rules of Civil Procedure. The Rule 12(b) motion must be granted and the original and amended complaints dismissed for want of jurisdiction with respect to the tax claim and because Mr. Richardson has no standing to challenge the method of funding for the Central Intelligence Agency.

### (A) The Tax Claim

William B. Richardson assails the computation of his tax liability by the Internal Revenue Service following a decision by the United States Tax Court. *Richardson v. Commissioner*, 72 T.C. 818 (August 9, 1979). On March 12, 1980, the Commissioner computed the taxpayers liability with interest for the years 1971–74. Plaintiff asserts the assessment is inaccurate and inflated.

■■■ This court is without jurisdiction to entertain this dispute since plaintiff has an adequate administrative remedy, 26 U.S.C. § 7422(a) and 28 U.S.C. § 1346(a), and the action is barred by the doctrine of sovereign immunity. Although relief is sought against individual defendants, the thrust of the claim is against the United States Treasury and, as such, the sovereign is immune absent statutory consent. *See, Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); *Larson v. Domestic and Foreign Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). No such consent is present. Moreover, the fact that plaintiff is seeking mandamus, declaratory and injunctive relief does not establish federal question jurisdiction. *See*, 28 U.S.C. § 2201.

■■ Section 7421(a) of the Internal Revenue Code of 1954, with exceptions not here relevant, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."[2] The purpose of the statute "is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of taxes." *Enochs v. William Packing Co.*, 370 U.S. 1, 5, 82 S.Ct. 1125, 1128, 8 L.Ed.2d 292 (1962). Jurisdiction may be present only in those situations in which "under no circumstances could the Government ultimately prevail" on the tax claim. 370 U.S. at 6, 82 S.Ct. at 1128. Even there the plaintiff must satisfy the equitable test of irreparable harm and want of adequate remedy at law. *Id.*

We cannot say that, based upon the information available to it, the Department of Treasury does not have a good faith belief in the accuracy and enforceability of its claim. Nor can we conclude that there are no circumstances under which the Internal Revenue Service may prevail against Mr. Richardson.[3]

### (B) The Constitutional Questions

William B. Richardson seeks to perpetuate his prominence as a federal litigator[4] by challenging as constitutionally infirm various enactments of Congress, particularly section 403f(a) of the Central Intelligence Agency Act, 50 U.S.C. § 403a et seq. Defendants respond with the assertion that all contentions are barred by the doctrines of res judicata or direct estoppel. We disagree because, although plaintiff has devoted many years to litigating similar questions involving the Act, no court has determined his standing to challenge section 403f(a).

That section enables the Central Intelligence Agency to receive secret appropria-

---

1. 50 U.S.C. § 403a et seq.

2. 26 U.S.C. § 7421(a).

3. We note that following the institution of this suit the Revenue Service has conceded inadvertant error in the original computation and the assessment is being revised.

4. *United States v. Richardson*, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974); *Richardson v. Sokol*, 285 F.Supp. (W.D.Pa.1968) *aff'd without opinion*, 409 F.2d 3 (3d Cir. 1969); *Richardson v. Spahr*, 416 F.Supp. 752 (W.D.Pa.1976).

tions which are transferred from other agencies. Plaintiff argues that section 403f(a) is unconstitutional for the following reasons: (1) it improperly delegates authority to withdraw public money from the treasury to the Office of Management and Budget; (2) it authorizes funding for a "paramilitary organization" in violation of Article I, Section 8, Clause 12; and (3) it violates the Statement and Account Clause of Article I, Section 9, Clause 7 of the Constitution. Plaintiff claims standing based on citizenship, civil rights, as a taxpayer and personal stake.

 The first two grounds are foreclosed by *United States v. Richardson*, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1973). The Supreme Court has held a citizen does not have a sweeping right "to employ a federal court as a forum in which to air his generalized grievances about conduct of government." *Id.* at 175, 94 S.Ct. at 2945. Furthermore, we are satisfied that the invocation of a citizen's "civil rights" is insufficient to establish standing to challenge the method of funding of any federal agency.

 The more nettlesome question concerns plaintiff's standing as a taxpayer or because of some "personal stake" to challenge the funding of the Central Intelligence Agency. At the core of any standing question is the requirement that a litigant demonstrate some "injury in fact." Tribe, *American Constitutional Law*, at 80 (1978). A party must allege as a prelude "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the Court so largely depends for illumination of difficult . . . questions." *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

The Supreme Court in *Frothingham v. Mellon*, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923) and *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) addressed the question of standing to challenge legislative enactments. The Court articulated a two-pronged test:

First, the taxpayer must establish a logical link between that status and the type of legislative enactment attacked. Thus, a taxpayer will be a proper party to allege the unconstitutionality only of exercises of congressional power under the taxing and spending clause of Art. I, § 8, of the Constitution. It will not be sufficient to allege an incidental expenditure of tax funds in the administration of an essentially regulatory statute . . . Secondly, the taxpayer must establish a nexus between that status and the precise nature of the constitutional infringement alleged. Under this requirement, the taxpayer must show that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, § 8. When both nexuses are established, the litigant will have shown a taxpayer's stake in the outcome of the controversy and will be a proper and appropriate party to invoke a federal court's jurisdiction.

392 U.S. at 102–103, 88 S.Ct. at 1953–1954.

Although the test appears to be compact, it has engendered confusion [5] which is compounded by *United States v. Richardson, supra*. There the Court held that the taxpayer, the instant plaintiff, failed to establish standing under *Flast*. However, the reasoning was equivocal at best:

Although the status he rests on is that he is a taxpayer, his challenge is not addressed to the taxing or spending power, but to the statutes regulating the CIA, specifically 50 U.S.C. § 403j(b) . . . .

Respondent makes no claim that appropriated funds are being spent in violation of a 'specific constitutional limitation upon the . . . taxing and spending power . . . .' 392 U.S. at 104 [88 S.Ct., at 1954]. Rather, he asks the courts to compel the Government to give him information on precisely how the CIA spends its funds. Thus there is no 'logical nexus' between

---

5. *See*, Note, *Taxpayer Standing in the Wake of Flast v. Cohen*, 31 Dick.L.Rev. 495 (1977).

the asserted status of taxpayer and the claimed failure of the Congress to require the Executive to supply a more detailed report of the expenditures of that agency.

418 U.S. at 175, 94 S.Ct. at 2945.

Courts and commentators have encountered difficulty in determining which prong was found wanting. Some have referred to the failure to allege a taxing and spending violation.[6] Others have referred to the want of a spending power transgression.[7] Still others have improperly concluded that any taxpayer grievance which is "common to the public" is fatally defective.[8]

■ We will articulate our understanding of the applicable principles. A federal court must first determine whether a taxpayer meets the test of *Flast*. The initial prong requires an allegation of some specific violation of the Taxing and Spending Clause of Article I, Section 8, which is merely a variation of the "injury in fact" requirement mandated by Article III.

Next the court must determine whether the taxpayer has established a "logical nexus between the status (or interest) asserted and the claim sought to be adjudicated." 392 U.S. at 102, 88 S.Ct. at 1953. Here a plaintiff must point to some specific statutory or constitutional limitation on the power to tax and spend, and to show that the limitation was designed to limit the expenditure under attack.

This second tangent ensures that the taxpayer is one for whom the statutory or constitutional provision was designed to protect. Unlike the first prong, it is not constitutionally mandated. It is merely jurisprudential limitation designed to sharpen the presentation of difficult issues.[9]

If a plaintiff fails to meet both prongs of *Flast*, a district court must still consider whether the plaintiff has shown some "injury in fact" apart from his status as a tax-

payer. Mere "generalized grievances" which are common to all members of the public" will not suffice. *United States v. Richardson*, 418 U.S. at 176–177, 94 S.Ct. at 2941–2942. Some "personal stake in the outcome" must be alleged in order to warrant standing based on "injury in fact." *Baker v. Carr*, 369 U.S. at 204, 82 S.Ct. at 703.

■ Applying these principles to the instant case we conclude that plaintiff's original and amended complaints must be dismissed. To be sure Richardson has averred a violation of the Taxing and Spending Clause; however, mere choice of words is not sufficient to create standing. The test is whether some specific expenditure has been challenged which is allegedly improper. We conclude that plaintiff has failed to satisfy the first prong of *Flast* following the Supreme Court's decision in *Richardson*.

Plaintiff is not challenging any specific congressional expenditure or asserting want of legislative power under the Taxing and Spending Clause. In essence, he is demanding knowledge of congressional allocations to the Central Intelligence Agency in order to dispute disbursements that he believes may violate the Clause. Such an indirect challenge does not establish standing for "although the status he rests on is that he is a taxpayer, his challenge is not addressed to the taxing and spending power but to the statutes regulating the CIA . . ." *United States v. Richardson*, 418 U.S. at 175, 94 S.Ct. at 2945.

Further, in our judgment, plaintiff's allegations fail the second prong of *Flast* because he has failed to point to some specific or constitutional limitation of congressional power to tax or spend for the expenditures at issue. The Statement and Account Clause does not so delimit as asserted by plaintiff and therefore it conveys no stand-

---

**6.** *Id.*

**7.** *See, Boesel v. Schultz*, 388 F.Supp. 771 (S.D. Ohio 1975); *Civil Awareness of America v. Richardson*, 387 F.Supp. 1086 (E.D.Wis.1975).

**8.** *Halpern v. C. I. A.*, 629 F.2d 144, at 152 (D.C.Cir. 1980).

**9.** Tribe, *American Constitutional Law* at 98–99; cf., *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975).

ing as a taxpayer. *Id.* at 175, 94 S.Ct. at 2945.

The final question is standing under the "injury in fact" theory. Does plaintiff have some personal stake in the outcome or stand to suffer some "particular, concrete injury" as a result of section 403f(a)? We conclude that he does not.

■ Allegations of dilution of voting power, inability to obtain legislative representation, economic injury due to fiscal manipulations and secret expenditures, do not reach the level of concreteness required to establish injury in fact. They are "generalized grievances" which are "common to all members of the public." *Richardson* at 176–177, 94 S.Ct. at 2946.[10] It follows that since plaintiff has no standing to challenge the funding provisions with respect to the Central Intelligence Agency, *a fortiori*, he lacks standing to challenge 26 U.S.C. § 1 et seq and 31 U.S.C. § 1029 which allegedly contribute to the "impermissible purpose" of the Act.

In conclusion, we hold that the constitutional objections of plaintiff must be rejected for want of standing. The teachings of the Supreme Court make clear that a taxpayer is simply not a proper party to raise the instant questions due to the unique nature of the Central Intelligence Agency. This court does not reach the merits of the claim that section 403f(a) violates the Statement and Account Clause for the reason that plaintiff's original and amended complaints must be dismissed.

---

**10.** For the same reasons, plaintiff lacks standing to challenge sections 403j(a) or (b) of the C.I.A. Act.