In re Gary Lee CHRISMAN,
Sr., Bankrupt.

BLOODWORTH, SMITH & BISCONE,
Plaintiff–Appellant,

v.

Gary Lee CHRISMAN, Sr.,
Defendant–Appellee.

Bankruptcy No. 78–00499.

United States District Court,
W. D. Oklahoma.

Dec. 1, 1978.

**340**

James D. Bednar, El Reno, Okl., for plaintiff–appellant.

Paul F. Fernald, Oklahoma City, Okl., for defendant–appellee.

FRED DAUGHERTY, District Judge.

This is an appeal by the law firm of Bloodworth, Smith & Biscone (Appellant) from an Order of the Bankruptcy Court discharging a $1,500.00 attorney fee awarded by the Oklahoma County District Court to Appellant as the attorneys for the Appellee's former wife in a divorce proceeding. The Court has jurisdiction of this action pursuant to 11 U.S.C. § 67(c). This appeal is taken in conformity with Bankruptcy Rules 801–814.

From the record before the Court, it appears that the Appellee was granted a divorce from his former wife by the Oklahoma County District Court on February 17, 1978. The divorce decree ordered Appellee to pay Appellant the sum of $1,500.00 as attorney fees. Thereafter, Appellee filed his Voluntary Petition in Bankruptcy on March 30, 1978, and listed the $1,500.00 attorney fee as an unsecured claim without priority. Appellant subsequently filed its complaint opposing the discharge of its fee and seeking a determination that said fee was nondischargeable. Appellee filed a Motion to Dismiss Appellant's Complaint which the Bankruptcy Court sustained in an Order dated July 6, 1978. Said Order also decreed that Appellant's fee was dischargeable in bankruptcy. Appellant then perfected this appeal.

Bankruptcy Rule 806 requires an appellant to designate the issues to be presented on appeal. In this connection, Appellant has designated the sole issue herein to be "whether an Order for payment of attorney fees, decreed by the Court to a wife in a divorce action, is a debt dischargeable in bankruptcy."

11 U.S.C. § 35(a) provides that a discharge in bankruptcy shall release a bankrupt from all provable debts, except such as "(7) are for alimony due or to become due, or for maintenance or support of a wife or child . . .." However, obligations created by property settlements or division of property of the parties to a divorce action are not within the exceptions of § 35(a)(7) and are dischargeable in bankruptcy. *Cox v. Cox (In re Cox)*, 543 F.2d 1277 (Tenth Cir. 1976); *Caldwell v. Armstrong*, 342 F.2d 485 (Tenth Cir. 1965); *Goggans v. Osborn*, 237 F.2d 186 (Ninth Cir. 1956); 9 Am.Jur.2d *Bankruptcy* § 793 (1963). In this connection, it has been held that an obligation of a lump sum alimony judgment payable in monthly installments which do not terminate on death or remarriage are treated as division of property under Oklahoma law and are dischargeable in bankruptcy. *Cox v. Cox (In re Cox)*, *supra*.

Attorney fees awarded in a divorce proceeding are generally treated as a form of alimony, and not dischargeable in a bankruptcy proceeding. *Brody and Brody v. Birdseye (In re Birdseye)*, 548 F.2d 321 (Tenth Cir. 1977); *see, e. g., Schiller v. Cornish (In re Cornish)*, 529 F.2d 1363 (Seventh Cir. 1976); *Jones v. Tyson (In re Jones)*, 518 F.2d 678 (Ninth Cir. 1975); *Nunnally v. Nunnally (In re Nunnally)*, 506 F.2d 1024 (Fifth Cir. 1975); *Damon v. Da-*

mon, 283 F.2d 571 (First Cir. 1960). However, under Oklahoma law, an obligation to pay attorney fees assessed against a person for legal services rendered to his spouse in a divorce proceeding is accessory to the alimony and follows the nature of the liability therefor. *Turman v. Turman*, 438 P.2d 488 (Okl.1968). Thus, Appellant's claim for attorney fees was dischargeable in bankruptcy if the alimony awarded to Appellee's former wife was in the nature of a property settlement or a division of property rather than an award for support. *See Brody and Brody v. Birdseye (In re Birdseye), supra; Cox v. Cox (In re Cox), supra.*

■ The divorce decree involved in the instant case awarded Appellee's former wife "as alimony, in lieu of property, Six Thousand Dollars ($6,000.00), payable at the rate of One Hundred Dollars ($100.00) per month, beginning February 1, 1978." The divorce decree also required Appellee to pay attorney fees in the amount of $1,500.00 to the attorney for his former wife. The decree did not provide for the termination of the alimony payments on death or remarriage. Therefore, the Court finds that the alimony awarded to Appellee's former wife was a property settlement or division of property. Accordingly, the award of attorney fees to Appellant was not exempt from discharge under 11 U.S.C. § 35(a)(7).

In view of the foregoing, the Court finds and concludes that the Bankruptcy Court's Order discharging Appellant's fee in bankruptcy should be affirmed.