In the Matter of Richard Harrison
DUCKSON, Debtor.

PUBLIC FINANCE CORPORATION,
Plaintiff,

v.

Richard Harrison DUCKSON, Defendant.

Bankruptcy No. 3–80–02940.
Adv. No. 3–80–0669.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Aug. 24, 1981.

R. L. Cousineau, Dayton, Ohio, for plaintiff.

Thomas A. Hansen, Dayton, Ohio, for defendant.

DECISION SUSTAINING MOTION TO
DISMISS COMPLAINT

ELLIS W. KERR, Bankruptcy Judge.

FACTS

Plaintiff, Public Finance Corporation, alleged the following in its Complaint:

That Defendant-Debtor, Richard H. Duckson, and his former wife, Patsy Irene Duckson, became jointly indebted to Plaintiff on a promissory note;

That in October of 1979 the Debtor and his former wife were granted a divorce in the Common Pleas Court of Montgomery County, Ohio;

That incorporated into the decree was a separation and property settlement agreement previously entered into by the parties and that by the terms of this agreement the Debtor was to pay the sum of $4,796.00 to the Plaintiff as permanent alimony to his former spouse;

Plaintiff demands that this indebtedness (currently in the amount of $3,813.81) be

found to be permanent alimony and to be nondischargeable under § 523(a)(5) of the Bankruptcy Code.

The Debtor filed a motion to dismiss the complaint on the grounds that the complaint fails to state a cause of action, that Plaintiff is without standing and that this action does not fall under § 523 of the Bankruptcy Code as an exception to discharge.

Both parties filed memoranda of law.

## CONCLUSIONS OF LAW

§ 523(a)(5) of the Bankruptcy Code reads as follows:

"A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

The instant case involves two distinct legal obligations of the Debtor, both being related to the same underlying financial transaction.

■ Firstly, when the Debtor initially executed the promissory note in favor of Plaintiff, he incurred a liability or debt which was directly owing to Plaintiff. Under Ohio law neither the separation agreement of the Debtor and his former spouse nor its subsequent incorporation into the divorce decree disturbed this original contractual relationship between the Debtor and Plaintiff. This debt is clearly not alimony. It arose before the commencement of the divorce proceedings and it is not payable to the Debtor's former spouse.

Therefore, it is dischargeable under the Bankruptcy Code.

Secondly, upon executing the separation agreement in connection with his divorce proceeding the Debtor contractually agreed to assume responsibility for the money owed to Plaintiff. Subsequently the Domestic Relations Court issued a divorce decree which incorporated the parties' separation agreement. At that time under Ohio law, the separation agreement was superseded by the divorce decree and the Debtor became obligated to pay the money under the terms of the divorce decree.

■ There exists a legal question as to whether or not such an obligation, commonly referred to as a "hold-harmless" agreement, is dischargeable in Bankruptcy. However, the question confronting the Court is a narrower one. The precise issue is whether or not a creditor is the proper party to object to the discharge of a "hold-harmless" agreement, i. e. does the Plaintiff-Creditor have standing to sue?

The law of standing is not subject to precise formulation, but it appears that a Plaintiff must at least have a personal stake in the outcome of the litigation. *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Also, as a general rule, one party may not assert the rights of another. *Tileston v. Ullman*, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).

Plaintiff's sole interest in this case is the desire to be paid. At first blush this seems to give Plaintiff a personal stake in the outcome of this litigation. But closer analysis reveals that while Plaintiff may have the desire to be paid, it has no specific enforceable right to be paid. Again, it must be emphasized that we are examining the Debtor's obligation which arose solely out of the divorce proceedings and not the original debt between Plaintiff and Debtor.

Debtor and his former spouse were the only parties to the divorce proceeding. There is no mechanism under Ohio law whereby Plaintiff could have sued in State

court to enforce the divorce decree. Plaintiff was a stranger to that litigation. The divorce decree affects only the relations between the Debtor and his former spouse.

Even if Debtor's obligation were found to be nondischargeable, Plaintiff would have no method of enforcing that obligation against the Debtor. Any benefit Plaintiff may have derived from the divorce decree is incidental only. The Court is aware of no Ohio case permitting a creditor to enforce a "hold-harmless" agreement contained in a divorce decree.

In short, we do not detect that Plaintiff has a personal stake in the outcome of this litigation. In addition, the Plaintiff is attempting to enforce the rights of the former spouse in the Bankruptcy Court. As mentioned above, it is the general rule that one party may not enforce the rights of another party. We perceive no exceptional circumstances in the instant case which would justify a departure from the general rule. We hold that the Plaintiff-Creditor does not have the requisite standing to object to the Debtor's discharge under § 523(a)(5). Any rights under this section of the Bankruptcy Code belong solely to the former spouse.

Plaintiff cites *In re Pelikant*, 5 B.R. 404 (Bkrtcy.1980) as supporting its position that it has standing to sue. There, an attorney, who had represented the former spouse in divorce proceedings, objected to the discharge of the attorney fees awarded him by the divorce court. A motion for summary judgment by the Debtor was denied and the matter was set for trial. The issue of the creditor's standing was not explicitly ruled upon. At best, the Court gave implicit approval of the creditor's standing. The opinion does not indicate whether the issue of the creditor's standing was raised.

Plaintiff also cites *In re Chrisman*, 6 B.R. 339 (1978) and *In re Sturgell*, 7 B.R. 59 (Bkrtcy.1980). Neither is authority to support Plaintiff's claim.

In *Chrisman*, the decision was based on Oklahoma law that obligation to pay attorney fees in a divorce is "accessory" to the alimony and follows the nature of the liability which the court found to be property settlement, no alimony. Therefore, the attorney fee was held dischargeable.

In *Sturgell* the Plaintiff was the former wife, a proper party to file complaint to determine dischargeability of a debt alleged to be for alimony.

Debtor cites *Matter of Spong*, 3 B.R. 619 (Bkrtcy.1980) in support of his motion to dismiss. Again the creditor was an attorney of the former spouse, seeking to have his award of attorney fees declared nondischargeable. The court found that the creditor could not bring this action under Rule 409 of the Bankruptcy Rules and that the creditor did not have standing to bring the action.

In view of our holding above, it is obvious that we are in accord with the *Matter of Spong*.

Although neither party in the instant case discussed Bankruptcy Rule 409, a few comments concerning the rule are necessary.

The pertinent part of Rule 409(a)(1) reads as follows:

> "A bankrupt or *any creditor* may file a complaint with the court to obtain a determination of the dischargeability of *any debt.*" (emphasis added)

The language of this rule is troublesome because it appears contradictory to our holding in this case. The following observation is made in *Collier on Bankruptcy*:

> "Bankruptcy Rule 409(2)(1) is a bit too broadly worded and it should be read and applied with some limitation. It states that the bankrupt or *any* creditor may file a complaint to determine the dischargeability of *any* debt. This obviously was not intended to mean that a creditor could file a complaint to determine the dischargeability of a debt not held by him but owned by another creditor. Creditors should have standing to file the complaint under Rule 409(a)(1) only with respect to their own debts." *Collier on Bankruptcy*, ¶ 17.28A (14th ed. 1976).

Despite the lack of case law concerning the rule, the above comment is a reasonable and sound construction of the rule. We therefore agree with the comment.

This decision does not leave the Plaintiff without a remedy. It does not prevent the Plaintiff from filing suit against the former wife on the obligation created by the joint note executed by Defendant and his former spouse.

There is not in evidence a copy of the separation agreement or divorce decree.

Having decided that Plaintiff is without standing, it is unnecessary to address the issue of whether a "hold-harmless" agreement contained in a divorce decree is non-dischargeable as alimony under § 523(a)(5). We specifically decline to rule on this issue at this time.

The Court concludes that the Motion of the Defendant-Debtor to dismiss the complaint should be sustained. Judgment accordingly shall be set forth on a separate document as provided in Rule 921(a), Rules of Bankruptcy Procedure.