30 F.3d 39
 Bankr. L. Rep. P 75,976
In re Barry M. PERLIN, Debtor.
O'CONNOR, CAVANAGH, ANDERSON, WESTOVER, KILLINGSWORTH &
BESHEARS; and Brown-Wright & Associates,
Plaintiffs-Appellees,
v.
Barry M. PERLIN, Defendant-Appellant.
 No. 93-3705.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 21, 1994.
Decided July 12, 1994.
 
 Stephen V. Cheatham, Arter & Hadden, Cleveland, OH, Richard M. Lorenzen, and Craig J. Bolton (argued and briefed), O'Connor, Cavanagh, Anderson, Westover, Killingsworth, Phoenix, AZ, for plaintiff-appellee.
 Kenneth P. Frankel (argued and briefed), Smith & Smith, Avon Lake, OH, for defendant-appellant.
 Before: JONES and RYAN, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Barry M. Perlin, the debtor in this bankruptcy case, appeals the district court's order affirming the bankruptcy court's determination that the debtor's obligation under a divorce decree to pay his former spouse's attorney fees and expert witness fees was part of a support obligation and thus was not dischargeable under 11 U.S.C. Sec. 523(a)(5). Perlin argues on appeal that the plaintiffs--his former spouse's attorneys in their divorce and one of her expert witnesses--lack standing to seek a determination of debt dischargeability because an Arizona court's divorce decree awarded attorney fees to the debtor's former spouse, not to the plaintiffs. We agree and reverse.
 
 I.
 
 2
 Barry and Gertrude Perlin were divorced in March 1991. In the divorce decree entered by an Arizona state court, Perlin was ordered to pay his former spouse's attorney fees and expert witness fees:
 
 
 3
 Pursuant to A.R.S. Sec. 25-324, and considering the financial resources of the parties, and the needs of the Wife, Husband shall be responsible for all of Wife's attorneys' fees and costs. Wife shall have judgment for $72,714.70 for attorneys' fees and costs, plus the amount of $10,985.60 due to Brown-Wright and Assoc. These fees have been large, but the size has been directly related to Husband's continuing efforts to thwart justice.
 
 
 4
 Perlin never paid. In September 1991, Perlin, an Ohio resident, filed a voluntary petition in the bankruptcy court under Chapter 7 of the Bankruptcy Code. Gertrude Perlin, her attorneys from her divorce (O'Connor, Cavanagh), and her experts (Brown-Wright) were scheduled as creditors.[1]
 
 
 5
 O'Connor, Cavanagh and Brown-Wright filed a complaint in December 1991 in the bankruptcy court alleging that the debts Perlin owed to them were not dischargeable. The bankruptcy court ruled that the fees Perlin owed the plaintiffs were "in the nature of maintenance and support" and therefore not dischargeable under 11 U.S.C. Sec. 523(a)(5). The district court affirmed, and Perlin now appeals.
 
 II.
 
 6
 We review the factual determination of whether an obligation constitutes a nondischargeable support obligation for clear error under Fed.R.Civ.P. 52 and the legal conclusions de novo. In re Calhoun, 715 F.2d 1103, 1110-11 (6th Cir.1983). A debtor's obligation to pay alimony, maintenance, or support to his or her former spouse may not be discharged. 11 U.S.C. Sec. 523(a)(5) provides:
 
 
 7
 (a) A discharge under section 727, 1141,, [sic] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
 
 
 8
 ....
 
 
 9
 (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that--
 
 
 10
 (A) such a debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
 
 
 11
 (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.
 
 
 12
 In determining that a particular obligation is in the nature of alimony, maintenance, or support, and, consequently, nondischargeable, the bankruptcy court must determine that (1) there was an intent to create a support obligation; (2) the obligation has the effect of providing the support necessary to satisfy the daily needs of the former spouse and any children of the marriage; and (3) the amount of support represented by the obligation at issue is not so excessive that it is manifestly unreasonable under traditional concepts of support. Calhoun, 715 F.2d at 1109-10.
 
 
 13
 The bankruptcy court applied Calhoun 's three-prong standard here and concluded that the Arizona state court's order, contained in the Perlins' divorce decree, that Barry Perlin pay his former spouse's attorney fees, as well as expert witness fees, was a nondischargeable support obligation. The district court affirmed this conclusion. Curiously, both the bankruptcy court and the district court recognized that the plaintiffs in the case, Gertrude Perlin's attorney and expert witness in the divorce proceedings, lacked standing to seek a determination on the dischargeability of the obligation because the divorce decree ordered Perlin to pay the fee to Gertrude Perlin, not to her attorney or expert. Nevertheless, the district court affirmed the bankruptcy court's order that the fees awarded were nondischargeable. Perlin's principal objection on appeal is that the plaintiffs in this case lack standing to file a complaint seeking a determination of the dischargeability of the obligation.
 
 
 14
 Standing is a rather vague concept that defies precise formulation, but it seems to require, at the least, that a plaintiff have a personal stake in the outcome of the litigation. See Baker v. Carr, 369 U.S. 186, 204-08, 82 S.Ct. 691, 702-05, 7 L.Ed.2d 663 (1962). As a general rule, one party may not assert the rights of another, Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 167-71, 92 S.Ct. 1965, 1968-71, 32 L.Ed.2d 627 (1972), but there are exceptions. In certain instances, a plaintiff with a particularly close relationship to a third party may assert the rights of the third party where the plaintiff faces an actual economic harm. See, e.g., Craig v. Boren, 429 U.S. 190, 192-97, 97 S.Ct. 451, 454-57, 50 L.Ed.2d 397 (1976); Singleton v. Wulff, 428 U.S. 106, 112-13, 96 S.Ct. 2868, 2873-74, 49 L.Ed.2d 826 (1976); Pierce v. Society of Sisters, 268 U.S. 510, 532-35, 45 S.Ct. 571, 572-74, 69 L.Ed. 1070 (1925).
 
 
 15
 The plaintiffs' interest here consists of a desire to be paid for services rendered. This seems, at least superficially, to give the plaintiffs a definite stake in the outcome of this litigation. The plaintiffs, however, have no enforceable right to payment. Barry and Gertrude Perlin were the only parties to the divorce proceeding. The divorce decree affects only the relations between the debtor and his former spouse. The judgment ordering Perlin to pay his former spouse's attorney fees was rendered in her name, not the plaintiffs'. We have found no authority that would permit the plaintiffs to sue in Arizona to enforce the terms of the divorce decree. Interestingly, the statute that permits the state court to award attorney fees as maintenance and support, also permits the court to award the fees directly to the attorney and provides the attorney with a right of action to collect those fees:
 
 
 16
 The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter. For the purpose of this section costs and expenses may include attorney's fees, deposition costs and such other reasonable expenses as the court finds necessary to the full and proper presentation of the action, including any appeal. The court may order all such amounts paid directly to the attorney, who may enforce the order in his name with the same force and effect, and in the same manner, as if the order had been made on behalf of any party to the action.
 
 
 17
 Ariz.Rev.Stat.Ann. Sec. 25-324. Of course, the judge in the divorce proceedings did not order the fees paid directly to the attorney, and therein lies the difficulty: under Arizona law, the plaintiffs have no legal right to enforce a judgment issued in the name of their client.
 
 
 18
 The plaintiffs have cited, and the district court relied upon, several cases that have allowed an attorney to contest the dischargeability of an obligation to pay attorney fees arising from a divorce proceeding. All are distinguishable. In In re Spong, 661 F.2d 6 (2d Cir.1981), the Second Circuit allowed an attorney to file a complaint raising the issue of whether a debt for legal services rendered to a debtor's former spouse in connection with a divorce proceeding qualifies as a support payment. In Spong, however, the debtor agreed to pay his former spouse's attorney fees in a "stipulation of settlement," a contract. Id. at 10. The Second Circuit held that the attorney was a third party beneficiary under the contract and had a right to sue in his own name to enforce the debtor's obligation. In In re Silansky, 897 F.2d 743 (4th Cir.1990), the Fourth Circuit held that a divorce decree ordering the debtor to pay his former spouse's attorney fees incurred in their divorce was not affected by the former spouse's subsequent bankruptcy. However, the divorce decree ordered the debtor to pay the fees directly to the attorney, not to the former spouse, and ostensibly the attorney could himself enforce that judgment. Id. at 744. Finally, in In re Williams, 703 F.2d 1055 (8th Cir.1983), the Eighth Circuit did not explicitly address the issue of standing; the case held that the fee award was nondischargeable as a support obligation. The plaintiff in that case was the former spouse; she complained that her former spouse's obligation to pay her attorney fees was not dischargeable. Id. at 1056-57. Thus, Williams does not support the proposition that an attorney has standing to assert his client's claim to a fee award.
 
 
 19
 The cases decided by the bankruptcy court cited by the plaintiffs are equally unpersuasive. In each of those cases, either the fee award was in the attorney's name, In re Brenegan, 123 B.R. 12 (Bankr.D.Del.1990); In re Wisniewski, 109 B.R. 926 (Bankr.E.D.Wis.1990), the award was in the former spouse's name and the former spouse was asserting the right to payment, In re Schwartz, 53 B.R. 407 (Bankr.S.D.N.Y.1985), or the standing issue was not addressed and it was not apparent in whose name the fee award was ordered, In re Patrick, 106 B.R. 743 (Bankr.S.D.Fla.1989). As the district court observed, and then disregarded, there is ample authority supporting the proposition that an attorney does not have standing to file a complaint on the issue of the dischargeability of an award of attorney fees made directly to a former spouse as a result of a divorce proceeding. See, e.g., In re Macys, 115 B.R. 883 (Bankr.E.D.Va.1990); In re Sposa, 31 B.R. 307 (Bankr.E.D.Va.1983); In re Duckson, 13 B.R. 373 (Bankr.S.D. Ohio 1981); In re Fontaine, 10 B.R. 175 (Bankr.D.R.I.1981). We conclude that the plaintiffs lack standing to contest the dischargeability of the fee award because the debtor owes the debt in question to his former spouse, not to the plaintiffs.
 
 III.
 
 20
 Accordingly, we REVERSE the district court's judgment and REMAND the case to the district court with instructions to dismiss for lack of standing.
 
 
 
 [1]
 In April 1992, Gertrude Perlin filed her own petition under Chapter 7. O'Connor, Cavanagh and Brown-Wright were both scheduled as creditors. On July 28, 1992, Gertrude Perlin received a discharge in bankruptcy