**In re William LONG, Kathleen Long.**

**Bankruptcy No. 93–32271.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Aug. 22, 1994.

Athena Nyers, Lima, OH, and Benjamin Yale, Waynesfield, OH, for William and Kathleen Long.

Diane French, Lima, OH, for trustee.

Bruce C. French, Trustee, Lima, OH.

## OPINION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND SCHEDULING PRETRIAL HEARING UPON AMENDMENT TO BANKRUPTCY SCHEDULES

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon William and Kathleen Long's (the "Longs") motion for relief from judgment (the "Motion for Relief") from this Court's order compromising claim dated June 23, 1994 (the "Order"). The Longs have also filed an amendment to their bankruptcy schedules (the "Amendment"). Bruce French, trustee in the Longs' bankruptcy case, ("Trustee") opposes the Motion for Relief. The Trustee has further moved to strike both the Motion for Relief and the Amendment. The Court finds that the Motion for Relief is not well taken and should be denied. The Court further finds that a pretrial conference should be held on the Amendment and the Trustee's motion to strike the Amendment.

### FACTS

The Longs filed a petition under chapter 7 of title 11 on August 5, 1993 (the "Case").

The Trustee filed a motion to compromise a prepetition personal injury claim held by the Longs on June 2, 1994 (the "Motion to Compromise"). The Trustee provided notice of the Motion to Compromise to Athena J. Nyers ("Nyers"), the Longs' counsel of record in the Case. No objections were filed to the Motion to Compromise.

On June 23, 1994, the Court entered the Order which granted the Motion to Compromise. The Longs did not appeal the Order.

Attorney Benjamin Yale ("Yale") has acted as attorney for the Longs in filing the instant Motion for Relief. Yale did not appear on behalf of the Longs in the Case at any time prior to filing this Motion for Relief. The Court further notes that Yale has not been employed as a professional person by the Trustee pursuant to § 327.

Significantly, Nyers has not withdrawn as attorney of record for the Longs.

Although acknowledging that Nyers received the Motion to Compromise, the Longs seek relief from judgment based upon the fact that they did not personally receive a copy of the Motion to Compromise. The Longs further assert as grounds for relief from judgment the fact that Yale was not permitted to participate in the resolution of the issues underlying the Trustee's Motion to Compromise.

### DISCUSSION

The Sixth Circuit has noted that:

'[i]t is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property ... vests in the trustee for the benefit of the estate.' *Jefferson v. Mississippi Gulf Coast YMCA*, 73 B.R. 179, 181–82 (S.D.Miss. 1986). The debtor has no standing to pursue such causes of action. *Matter of Tvorik*, 83 B.R. 450, 456 (Bankr.W.D.Mich. 1988).

*Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir.1988), *cert. denied*, 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989); *see also Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 542–43 (6th Cir.1989) (debtors' personal injury action was an asset of the bankruptcy estate notwithstanding the fact that such cause of action was nontransferable to a third person under state law). Thus, the Trustee clearly controls the prosecution of the Longs' prepetition legal claims.

The fact that the Longs were not personally provided with a copy of the Motion to Compromise does not entitle them to relief from judgment. The Longs chose to appear in the Case by attorney Nyers. *See* Fed.R.Bankr.P. 9010(a)(1) (permitting a party to appear "by an attorney authorized to practice in the [bankruptcy] court"). They acknowledge that the Motion to Compromise was properly served upon Nyers. Therefore, the Longs can properly be charged with notice of the Motion to Compromise. *C.f. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92–93, 111 S.Ct. 453, 455–56, 112 L.Ed.2d 435 (1991) (finding that receipt of notice by attorney was the equivalent of receipt by that attorney's client in the context of employment discrimination action) (citation omitted).

"Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of [that party's] lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (quoting *Smith v. Ayer,* 101 U.S. 320, 326, 25 L.Ed. 955 (1879)) (footnote omitted); *c.f. Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 1499 (1993) (finding that movant should be held responsible for acts of chosen counsel in determining whether movant's conduct constituted "excusable neglect" under Fed. R.Bankr.P. 9006(b)); *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (alleged procedural default of attorney for defendant convicted of capital murder in state court proceeding chargeable to client in federal habeas corpus action).

 The level of Yale's participation in the Trustee's efforts to settle the litigation which culminated in the Motion to Compromise is of no moment to the Court's determination of the Longs' entitlement to relief from judgment. Again, Yale was not the Longs' attorney of record in the Case at the time that the Motion to Compromise was filed. *See French v. Tull (In re Tull),* Case No. 92CV7299, at p. 6 (N.D.Ohio April 7, 1993) (finding that counsel who purported to act on behalf of debtors in bankruptcy case but who was not counsel of record in bankruptcy case did not have the right to receive notice of hearing upon application of trustee's attorney for compensation or to present evidence at such hearing). Nor did he appear on behalf of the Longs at any time prior to filing the instant Motion for Relief.

Moreover, Yale did not have standing to be heard on the Motion to Compromise in his personal capacity. *C.f. O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears v. Perlin (In re Perlin),* 30 F.3d 39 (6th Cir.1994) (attorneys who represented debtor's former spouse in divorce proceeding lacked standing to seek determination that debt owed to debtor's former spouse was nondischargeable pursuant to 11 U.S.C. § 523(a)(5)).

Lastly, the Longs have not set forth any newly discovered evidence or legal authority which would entitle them to relief from the Order.

In light of the foregoing, it is therefore

ORDERED that the Longs' motion for relief from judgment be, and it hereby is, denied. It is further

ORDERED that a pretrial conference be held on the Amendment on September 22, 1994 at 2:15 PM before the Honorable Walter J. Krasniewski, United States Bankruptcy Judge, Courtroom No. 1, Room 103, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.